AMERICAN PAPER PRODUCTS COMPANY, Respondent, v. ÆTNA LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed July 20, 1920.

1. **INSURANCE: Employer's Liability Insurance: Action On Indemnity Policy: Evidence: Judgment Against Insured Employer in Favor of Employee: When Admissible.** In an action on an employer's liability policy of insurance to recover from insurer the amount expended by the assured in satisfaction of a judgment rendered against it in an action instituted by an employee for damages on account of personal injuries, the judgment roll in the action instituted by the employee against the employer is admissible in evidence in the suit of the employer against the insurer, whenever by such judgment a fact material to the issues in the suit of the employer against the insurer has therein been determined, provided the insurer had notice of the litigation and an opportunity to conduct the proceedings as may be provided in the policy of indemnity, and the refusal ·by the casualty company to defend the suit brought by the employee against the insured makes no difference in the conclusiveness of any judgment that may be rendered against the insured.

2. ———: ———: ———: ———: ———: **When not Admissible.** In an action on an employer's liability policy of insurance to recover from the insurer the amount expended by the assured in satisfaction of a judgment rendered against it in an action instituted by an employee for damages on account of personal injuries, such judgment rendered in favor of the employee was inadmissible in evidence, even though one of several issues made by the pleadings was the employment in contravention of section 7829, Revised Statutes of 1909, where the employee's right to recovery was predicated upon no less than three assignments of negligence, and the judgment rendered being a general finding in favor of the employee on the issues joined, since it would be mere conjecture as to what issue or issues were determined, and the conclusion must be that such prior decision is not an adjudication upon any particular issue, and consequently even though insurer had interposed a plea of *res adjudicata*, such plea must have failed.

3. **APPELLATE PRACTICE: Admissibility of Evidence: Not Reversible Error.** In action on an employer's liability policy of in-

surance to recover from the insurer the amount expended by the assured in satisfaction of a judgment rendered against it in an action instituted by an employee for damages on account of personal injuries, whether erroneous or not, it was not reversible error, to refuse to admit the pleadings of the employee's case against the insured in evidence where the pleadings contained several issues and the judgment rendered being a general judgment in favor of the employee on the issues joined.

Appeal from the Circuit Court of Lincoln County, —Hon. Edgar B. Woolfolk, Judge.

AFFIRMED.

Jones, Hocker, Sullivan & Angert and James C. Jones, Jr., for appellant.

In an action upon an employer's liability policy to recover from the insurer the expenses and amount paid by the employer in satisfaction of a judgment recovered against the employer by an injured employee; the judgment in the action instituted by the employee against the employer is not only admissible in the action of the employer against the insurer, but the employer is estopped by said judgment from showing in the action against the insurer that it was not guilty of the negligence charged in the petition upon which such judgment was rendered. Compton Heights Laundry Co. v. General Accident Ins. Co., 195 Mo. App. 318, 190 S. W 382; Potter v. Trust Co., 170 Mo. App. 131; American Candy Co. v. Ætna Life Ins. Co., 159 N. W. 917 (Wis.); B. Roth Foot Co. v. New Amsterdam Cas. Co., 161 Fed. 709; Mason Henry Press Co. v. Ætna Life Ins. Co., 130 N. Y. Supp. 961; Buffalo Steel Co. v. Ætna Life Ins. Co., 156 App. Div. (N. Y.), 453.

Leonard & Sibley and R. H. McRoberts for respondent.

Res adjudicata is an affirmative defense which must be pleaded to be available. In an action upon an employer's liability policy to recover from the insurer the

expenses' and amount paid by the employer in satis-
faction of a judgment recovered against the employer
by an injured employee, the pleadings and judgment in
the action instituted by the employee against the em-
ployer are only admissible in the action of the em-
ployer against the insurer to show an estoppel by judg-
ment and where insurer failed to plead such estoppel
such evidence was not admissible. Kilpatrick v. Robert,
212 S. W. 884 (1919); Trauermann v. Lippincott, 39
Mo. App. 478; Nelson v. Jones, 245 Mo. 579; Harrison-
ville v. Foster, 264 Mo. 82; Trimble v. Railroad, 199
Mo. 55; Underwood v. Caruthersville, 146 Mo. App.
292-293; Commercial Nat. Bank v. Varnum, 176 Mo.
App. 78; O'Shea v. Lehr, 182 Mo. App. 676; Beattie
Mfg. Co. v. Gerardi, 166 Mo. 155; Kelly v. Hurt, 61
Mo. 463; R. S. 1909, sec. 1806; Hendricks v. Decker,
35 Barb. 298; Brazill v. Isham, 12 N. Y. 9; Piercy v.
Sabin, 10 Cal. 22.

BECKER, J.—This is an action on an employer's
liability policy of insurance to recover of defendant the
sum of $932.75, with interest, the amount expended by
the plaintiff (the assured) in satisfaction of a judg-
ment rendered against it in an action instituted by one
Joseph Istok, an employee of the plaintiff, for damages
on account of personal injuries sustained by the said
Joseph Istok while in the plaintiff's employ.

The petition, after alleging the issuance of a policy
and the undertaking of defendant therein to indemnify
plaintiff against loss and expense arising from claims
for damages on account of injuries received by an em-
ployee of plaintiff, avers that on June 27, 1913, one
Joseph Istok, who was in the employ of plaintiff at its
manufacturing plant in the city of St. Louis, Missouri,
was injured by having his left hand cut and bruised by
a paper-cutting or punching machine in plaintiff's plant;
that claim was thereafter made upon plaintiff by Joseph
Istok for the injuries sustained by him, of which the
defendant was duly notified; that thereafter the said

Joseph Istok filed suit against plaintiff on account of said injuries; that plaintiff duly notified the defendant of the institution of said suit and called upon the defendant to defend the same, which defendant refused to do; that the said Joseph Istok thereafter recovered a judgment in said action against this plaintiff for $700, which plaintiff paid, and in addition to said judgment, as the expenses and costs of said action, plaintiff expended the further sum of $232.75, or a total of $923.75, for which amount, together with damages and attorney's fees for the alleged vexatious refusal of defendant to pay, plaintiff prays judgment.

The answer admitted the injury received by the said Joseph Istok, the institution by him of the action against the plaintiff on account of said injuries, the refusal of the defendant to defend said action and the judgment recovered against the plaintiff by the said Joseph Istok in said action, as set forth in the petition, but averred that the said Istok while under 16 years of age, was employed, permitted and directed by plaintiff to work at and about such paper-cutting or punching machine, and between the fixed and traversing parts thereof, contrary to and in violation of the laws of the State of Missouri, and that the said Istok was injured while working between the fixed and traversing parts of said machine. The answer further alleged that under the terms of the policy defendant was not liable to plaintiff on any claim arising by reason of an injury received by any person employed by plaintiff in violation of law as to age.

The reply was a general denial.

The machine which caused the injury to Joseph Istok, on account of which claim was made under this policy, was a paper-cutting or punching machine, the motive power of which was supplied by an electric motor which operated a belt attached to the machine.

Joseph Istok testified at the trial of this case that he was employed by the plaintiff as a helper to a Mr. Black, the operator of the machine; that Black instructed him to go to the rear of this machine and

straighten out a piece of. paper or cardboard lying on the base of the machine, and that while he was thus engaged, the machine started, causing the circular knife to drop and that the iron or steel portion of the machine which held this knife in place struck his hand, inflicting the injuries complained of. At the time he received the injuries in question, to-wit, June 27, 1913, Joseph Istok was fifteen years of age.

Further the evidence tended to show that Joseph Istok, at the time of his injury, was merely employed by the plaintiff to gather up from the floor the paper which had been cut by the machine in question, and that he was not employed to work in actual contact with the machine itself; that he had been specifically instructed by plaintiff not to place his hands on any part of the machine, and that Black, the operator of the machine, had no authority to order him to straighten the paper or cardboard at the base of this machine, and also that Black had been severely reprimanded by the foreman of the factory on a prior occasion when he (Black) had ordered or permitted Joseph Istok to work at this machine.

The evidence further established that after the injuries received by Joseph Istok as aforesaid, the defendant herein was notified by plaintiff of said injuries and was called upon to undertake the defense of the action instituted by Joseph Istok for damages on account of said injuries, which defendant refused to do, disclaiming any liability to plaintiff under said policy for the injuries received by said Joseph Istok, on the ground that the particular employment of the said Istok was in violation of law as to age.

At the trial of this case defendant offered in evidence the pleadings and the judgment in the action instituted against the plaintiff by Joseph Istok for damages on account of the injuries in question, but upon plaintiff's objection, the pleadings were excluded by the trial court.

Section 7829, Revised Statutes of Missouri, 1909, which prohibits the employment of minors between the

fixed and traversing parts of a machine, is as follows:

"No minor or woman shall be required to clean any part of the mill, gearing or machinery while it is in motion in such establishment, nor shall any minor under the age of sixteen years be required to work between the fixed and traversing or the traversing parts of any machine while it is in motion by the action of steam, water, electricity or other mechanical power, and no woman shall be required to work between the fixed and traversing parts of any such machine, except the machine operated by her."

Under the terms of the policy in suit, the defendant agreed "to indemnify the assured . . . . against loss and for expense arising or resulting from claims upon the assured for damages on account of bodily injuries and for death accidently suffered, or alleged to have been suffered by any employee or employees of the assured as provided in said warranties by reason of the business as described and conducted at the locations named therein . . . save and except claims arising by reason of: Injuries and, or death to or caused by any person employed in violation of law as to age, or of any age under fourteen years where there is no legal restriction as to age of employment."

The policy also provides: "No action shall lie against the company to recover for any loss and or expense under this policy unless it shall be brought by the assured for loss and for expense actually sustained and paid in money after actual trial of the issue."

At the close of the whole case the defendant requested, but the court refused to give, an instruction in the nature of a demurrer to the evidence.

The court on behalf of the plaintiff instructed the jury that they should return a verdict for the plaintiff provided "they did not find from the evidence that Joseph Istok, at the time of his injury, was working upon or at this machine under the orders or direction or with the permission or consent of plaintiff or its foreman."

On behalf of the defendant the jury were instructed that if they believed and found that Joseph Istok was

under the age of 16 years at the time of receiving said injury, and that plaintiff permitted or allowed him to assist in operating the machine in question, and that while so engaged the said Istok suffered the injuries for which plaintiff was compelled to respond in judgment, then the jury should find for the defendant.

The jury returned a verdict in favor of plaintiff for $992, and defendant having unsuccessfully moved for a new trial, has brought the case here for review.

## I.

We have for consideration in this appeal but one assignment of error, namely, that the learned trial judge erred in refusing to admit in evidence the pleadings in the case of Joseph Istok v. American Paper Products Company, indemnity for the payment of the judgment in which case the present suit is based.

As a general rule in actions upon an employer's liability policy, to recover from the insurer the expenses and the amount paid by the employer in consideration of a judgment recovered against the employer by an injured employee, the judgment roll in the action instituted by the employee against the employer is admissible in evidence in the suit of the employer against the insurer whenever by such judgment a fact material to the issues in the suit of the employer against the insurer has therein been determined; provided the insurer had notice of the litigation and an opportunity to conduct the proceedings as may be provided in the policy of indemnity. [Potter v. Trust Co., 170 Mo. App. l. c. 131, 155 S. W. 80; City of St. Joseph v. Union Ry. Co., 116 Mo. l. c. 643, 22 S. W. 794.] [See, also, American Candy Co. v. Ætna Life Ins. Co., 159 N. W. (Wisc.) 913.] And there is here no question of the sufficiency of the notice or of the ample adequateness of the opportunity given the Aetna Life Insurance Company to defend the suit had it elected to do so. And the refusal by the casualty company to defend the suit brought by the employee against

the insured makes no difference in the conclusiveness of any judgment that may be rendered against the insured.

In Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 144 N. Y. 663, the rule is thus stated: "It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending, with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record."

This rule as thus stated has been cited with approval by the courts of last resort in many states. [See Washington Gas Co. v. District of Columbia, 161 U. S. 316, and cases therein cited.]

Under this rule it becomes material in considering the point for determination before us, to know what the pleadings and judgment were in the suit by the employee against the insured, to determine what facts material to the present controversy may have been determined by the judgment rendered therein. Learned counsel for appellant admits that plaintiff's petition in said action contains three charges of negligence; first, that defendant failed to furnish plaintiff with a safe place to work; second, that defendant failed to instruct plaintiff of the dangers or hazards incident to the work; third, that defendant required plaintiff to work between the fixed and traversing parts of a paper cutting machine when plaintiff was under sixteen years of age, in contravention of section 7829, Revised Statutes of Missouri, 1909, and that inasmuch as the answer of the defendant was a general denial coupled with a plea of contributory negligence, thereby putting in issue the charges of negligence contained in the petition, as well as the countercharge of contributory negligence, four issues in all were thereby presented as the issues in the case.

The judgment rendered in such cause shows that the parties waived a jury and submitted the case to the

court upon the evidence and proof adduced and that the court found in favor of the plaintiff, ''on the issues joined, and doth assess plaintiff's damages at the sum of $700.''

It is seriously contended by learned counsel for appellant that as one of the four issues was the employment of Istok in contravention of section 7829, Revised Statutes of Missouri, 1909, and the judgment in the case being rendered in favor of the plaintiff, and the court therein expressly finding for plaintiff, ''on the issues joined,'' that such finding necessarly means that all of the issues involved in the action were found in favor of the party for whom the judgment was rendered.

To this we cannot agree. The petition predicated plaintiff's right to recovery upon no less than three assignments of negligence and the judgment rendered being but a general finding in favor of the plaintiff on the issue or issues were determined, and the conclusion must be that such prior decision is not an adjudication upon any particular issue and consequently even though defendant had interposed a plea of *res adjudicata* such plea must have failed.

We wish to reiterate what was said in Barkhoefer v. Barkhoefer, 93 Mo. App. 373, l. c. 381, 67 S. W. 674:

''The general rule in regard to former adjudications is that when the very cause of action once decided is again brought forward in a subsequent suit between the parties, the judgment in the first action is conclusive and constitutes a perfect bar to the prosecution of the second, as to all matters which might have been litigated therein, whether in point of fact they were or not; for no one ought to be twice vexed about the same dispute or claim. In the interest of public tranquility, and to permit citizens to pursue their affairs without unreasonable annoyance, or being called on to waste time in repeated lawsuits over identical demands, courts will not permit the propriety of the judgment to be questioned or the matter to be again investigated *in pais*.

"But the judgment in the first case enjoys no such prerogative if the second action is for a *different* cause of action from that contested in the first one; this is the distinction to be always seized as vital to the right determination of pleas of *res adjudicata,* and it will clear up a great deal of the confusion in the multitudinous decisions of the subject. In the second class of cases the judgment only concludes the parties as to points actually determined; that is, as to issues tendered or joined by the pleadings and decided; not those which might properly have been but were not; for the rights of parties ought not to be construed away. [Dickey v. Heim, 48 Mo. App. (K. C.) 114; Cromwell v. Sac. County, 94 U. S. 351; Short v. Taylor, 137 Mo. 517, 38 S. W. 952; Kerr v. Quarles, 14 Fratt. 48.''

In Russell v. Place, 4 Otto 606, Mr. Justice FIELD speaking for the court said, l. c. 608:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and *determined* in the former suit. If there be any uncertainty on this head in the record—as, for example: If it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered—the whole subject-matter of the matter will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. . . .

"And according to Coke, an estoppel must 'be certain to every intent;' and if upon the face of a record anything is left to conjecture as to what was *necessarily* involved and decided, there is no estoppel in it when

pleaded, and nothing conclusive in it when offered as evidence.''

In Lewis v. Ocean Nav. etc. Co., 125 N. Y. 484, it was held: ''Where a judgment may have proceeded upon either or any of two or more different and distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon· some particular fact must show affirmatively that it went upon that fact, or else the question is open for a new contention.''

And in the case of Littlefield v. Huntress, 106 Mass. 121, it was held that where, in a suit against the maker of a promissory note, the defendant interposes two defenses, one of which is to the effect that the note was originally void and the other that if originally valid the note was subsequently discharged by agreement between the parties, and a judgment is rendered for the defendant wherein it does not appear on what ground the decision was made, the question whether the note was originally void is not *res adjudicata.*

We quote from the case of Matson v. Poncin, 152 Iowa, 569, where the same principle is applied with like result:

''If the record be construed most favorable to plaintiff, there were three defenses, any one of which would have been sufficient and the court in dismissing the suit failed to indicate on which the decision was based. All the defenses are not presumed to have been sustained (Linton v. Crosby, 61 Iowa, 293; Van Vleet, Former Adjudications, sec. 297), and, in the absence of any showing as to which defense prevailed, the dismissal cannot avail as a plea of estoppel. [Griffith v. Fields, 105 Iowa, 362; Geary v. Bangs, 138 Ill. 77; Angir v. Ryan, 63 Minn. 373; Hearn v. Railway, 67 N. H. 320; Belleville, etc. Ry. Co. v. Leathe, 84 Fed. 103.] In such case it- is pure matter of conjecture as to what issue was determined. It is the essence of estoppel by judgment that it is certain that the precise fact was determined by the former judgment. [De Sollar v. Hanscome, 158 N. S. 216; Cal-

laway v. Irwin, 123 Ga. 344.] For these reasons, the plea of former adjudication cannot be sustained.''

In light of these facts the action of the learned trial judge in refusing to admit the pleadings of the employee's case against the insured in evidence in the present suit, whether erroneous or not, cannot be held to have been prejudicial to the defendant. Even if the proffered pleadings, when taken in connection with the judgment rendered in the case, were admissible, a matter which we do not pass on, they could have had little, if any, weight as evidence in support of the issue raised by defendant in this case, and we hold the exclusion of this testimony not to be reversible error.

The defendant, appellant here, was given every opportunity to present its testimony in support of its defense and such defense was submitted to the jury under instructions which are not questioned here by appellant. The record further discloses that the evidence adduced on behalf of the appellant, defendant below, tended to prove plaintiff's case and that the finding of the jury is sustained by substantial testimony. The case has many features in common with the case of Murch Bros. Constr. Co. v. Fidelity & Casualty Co., 190 Mo. App. 490, 176 S. W. 399, a case not cited by either appellant or respondent, but which we hold is authority for the conclusion arrived at herein.

The judgment being for the right party and finding herein no error prejudicial to appellant's rights, the judgment is accordingly affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.