STATE OF MISSOURI at the Relation of METROPOLITAN LIFE INSURANCE COMPANY, Relator, v. PERRY T. ALLEN, ROBERT J. SMITH and WALTER E. BAILEY, Judges of the Springfield Court of Appeals. —85 S. W. (2d) 469.

Division One, July 30, 1935.

526

*Oliver & Oliver, Fordyce, White, Mayne & Williams, Fred M. Switzer, Jr.,* and *Walter R. Mayne* for relator; *Leroy A. Lincoln* of counsel.

*Finch & Finch* and *Rush H. Limbaugh* for respondents.

*Boyle & Priest, Robert E. Moloney, George T. Priest* and *Harry O. Smith* for National Lead Company, *amicus curiae.*

FRANK, J.—Certiorari to quash an opinion of the Springfield Court of Appeals in the case of Thomas E. Kane v. Metropolitan Life Insurance Company. The opinion in that case is reported in 73 S. W. (2d) 826. The action was one to recover total and permanent disability benefits under certificates of insurance issued by defendant to plaintiff as an employee of the St. Louis-San Francisco Railway Company under a group policy of insurance. The master policy issued to the railway company provided for the payment of total and permanent disability benefits to employees carrying insurance under the group policy. The main provisions relating to total and permanent disability were also set out in the certificates issued to plaintiff. Those provisions read as follows:

" 'Total and Permanent Disability Benefits.

" 'Any employee shall be considered as totally and permanently disabled who furnishes due proof that, as the result of bodily injury suffered or disease contracted while his insurance was in force and prior to his sixtieth birthday, he is permanently, continuously and wholly prevented thereby from performing any work for compensation or profit.

" 'Upon receipt of due proof of such disability the Metropolitan Life Insurance Company will pay to such employee, in lieu of the payment at death of the said insurance on the life of such employee, equal monthly installments based on the amount of insurance in force on such employee at the date of receipt of proof of such disability, as shown in the following tables:' "

Plaintiff in the case under review obtained a judgment for $3196.02, which, on appeal, was affirmed by the Springfield Court of Appeals. Relator brings the case here by certiorari contending that the opinion of the Court of Appeals conflicts with prior controlling decisions of this court.

The language of the certificate is that an employee is permanently disabled when *"he is permanently, continuously and wholly prevented thereby from performing any work for compensation or profit."* The Court of Appeals construed this provision of the policy as follows:

"We think the narrow rule contended for by defendant, and seemingly supported by some foreign authorities, is not in harmony

with the rule in Missouri, and in the majority of the states of this country. We shall not write at length setting out what various opinions have held under the different facts, but we have reached the conclusion, after reading many cases, that the general holdings under facts similar to these and under contracts worded similar to the one under consideration here, are, that the insured is totally and permanently disabled, so as to bring him within the provisions of the policy, when he is no longer able to perform the usual, customary and substantial duties of his own occupation, and when, in view of the insured's age, training, experience, education and physical condition there is no work or occupation in which he can engage for profit. And that these are questions of fact to be determined by the jury under proper instructions from the court. We think we are sustained in this conclusion by the holdings of the courts of this State and of other states, some of which cases are as follows: Wall v. Continental Casualty Company, 111 Mo. App. 504, 86 S. W. 491; Foglesong v. Modern Brotherhood, 121 Mo. App. 548, 97 S. W. 240; Katz v. Union Central Life Ins. Co. (Mo. App.), 44 S. W. (2d) 250; Hurt v. Equitable Life Assurance Society (Mo. App.), 53 S. W. (2d) 1101; Hardie v. Metropolitan Life Ins. Co. (Mo. App.), 7 S. W. (2d) 746; Medlinsky v. Metropolitan Life Ins. Co., 263 N. Y. Supp. 179; Manuel v. Metropolitan Life Insurance Co. (La. App.), 139 So. 548; McCutchen v. Pacific Mutual Life Ins. Co., 151 S. E. 67.''

Relator claims that the disability provisions of the certificate are plain, unambiguous and not open to construction. Based on this claim, the contention is that the construction given such provisions by the Court of Appeals conflicts with decisions of this court which hold that plain and unambiguous language in an insurance policy is not open to construction but such language must be given its plain meaning. Without setting out the cases which relator cites in support of this contention, it may be stated that the uniform holding of this court is that where an insurance policy is open to different constructions, that most favorable to the insured must be adopted. But where the language of the policy is plain and unambiguous, such language must be given its plain meaning. So the question is, are the provisions of the certificate plain and unambiguous? If so, the province of the Court of Appeals was to give the language of the certificate its plain meaning and enforce it as written. On the other hand, if the language of the policy is ambiguous and open to different constructions, the Court of Appeals had authority to give the certificate any construction it thought proper, and be immune from certiorari, provided its opinion does not conflict with prior controlling decisions of this court on the same

or a similar state of facts, or run counter to some established principle of law announced by this court.

No decision of this court has been cited and we have found none which construes an insurance policy with like or similar provisions to the one here in controversy, so it cannot be said that the opinion of the Court of Appeals conflicts with controlling decisions of this court on a like or similar state of facts. Our only province on certiorari being to determine questions of conflict, we have no authority to construe the policy in controversy for the purpose of determining whether the opinion of the Court of Appeals is right or wrong, but we do have a right to determine whether or not the language of the policy is plain and unambiguous for the purpose of deciding whether or not the Court of Appeals' opinion which construes the language of the policy violates controlling decisions of this court holding that unambiguous language in an insurance policy is not open to construction, but must be given its plain meaning and be enforced as written.

Is the language of the policy in controversy plain and unambiguous or is it ambiguous and for that reason open to construction? The language of the policy is that a policyholder is totally and permanently disabled when he is permanently, continuously and wholly prevented from *performing any work for compensation or profit.*

Evidently the purpose of one in carrying a policy of insurance providing for total and permanent disability benefits is to have such benefits take the place of his earnings and provide a livelihood for him in case he becomes totally and permanently disabled. While we do not intend to construe the language of the policy, we do say that the evident purpose of the parties in entering into such a contract aids in determining whether or not its language is clear and plain or ambiguous. If an able-bodied railroad engineer carrying such a policy should lose both legs and one arm and yet be able to sit on the street corner and sell peanuts, shoestrings or newspapers for which he would receive some compensation or profit, would he be totally disabled within the meaning of his policy? If the hearing and eyesight of a member of this court should become so defective that he would be unable to perform his official duties, but he would yet be able to mow his lawn or hoe his garden, and do like work for his neighbors for a small compensation, would he be totally disabled within the meaning of the policy in question? Does the language of the policy mean that if the insured is able to perform substantially the duties of his occupation he is not disabled? Or does it mean that if he is physically able to perform substantially any work for which he is equipped, he is not disabled? Such an insurance policy is nothing more nor less than a contract between the insurance company and the insured. When we keep in mind the evident purpose

prompting the parties to enter into such a contract, we know it does not mean that if an injured policyholder is able to do anything whatsoever for any compensation whatsoever, he is not totally disabled. But what does it mean? What does performing work for compensation or profit mean? The language of the policy is not clear and plain. Its meaning cannot be determined except by an authoritative construction. If the case were here on appeal we would be authorized to construe the language of the policy and determine the policyholder's rights thereunder. But we have no right to do so on certiorari for the purpose of determining whether the opinion of the Court of Appeals is sound or unsound. In view of the fact that this court has not construed an insurance policy like or similar to the one here in controversy, and in view of the further fact that the language of the policy in question is ambiguous and, therefore, open to construction, the construction the Court of Appeals gave the policy is not subject to review by this court on certiorari.

Further contention is made that the evidence clearly showed the insured was actually engaged in work for compensation or profit, and that his disability did not prevent him from performing any work for compensation or profit.

In view of the fact that this court has not construed an insurance policy containing language like or similar to the one in question, it necessarily follows that we have not determined what would or would not constitute total disability within the meaning of such a policy, and we have no authority to do so for the first time on certiorari.

Our writ of certiorari heretofore issued should be quashed. It is so ordered. All concur.