STATE OF MISSOURI at the relation of OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD., a Corporation, Relator, v. JEFFERSON D. HOSTETTER ET AL., Judges of the St. Louis Court of Appeals.—108 S. W. (2d) 17.

Division One, July 30, 1937.

*Joseph N. Hassett* and *Ernest E. Baker* for relator.

*Leahy, Walther, Hecker & Ely* for respondents.

490

*Jacob M. Lashly* for Hartford Accident & Indemnity Company *amicus curiae.*

*Sullivan, Reeder & Finley amici curiae.*

HAYS, J.—This is a proceeding upon our writ of certiorari directed to the St. Louis Court of Appeals, and issued on the ground that its opinion rendered in the case of Blanke-Baer Extract & Preserving Company, respondent, v. Ocean Accident & Guarantee Corporation, appellant, is in conflict with certain decisions of this court and that the record accordingly made should be quashed. On the question of conflict the relator cites the cases of State ex rel. Health & Accident Assn. v. Trimble, 334 Mo. 920, 68 S. W. (2d) 685; Wendroff v. Missouri State Life Ins. Co., 318 Mo. 363, 1

S. W. (2d) 99; Prange v. Insurance Co., 329 Mo. 651, 46 S. W. (2d) 523; State ex rel. Boeving v. Cox et al., 310 Mo. 367, 276 S. W. 869; State ex rel. Calhoun et al. v. Reynolds et al., 289 Mo. 506, 233 S. W. 482.

It appears from said opinion that said case on which this proceeding is predicated is an action over, brought by respondent as an insured employer to recover, as for indemnity, from appellant, the insurer, money paid by the employer in discharging a judgment obtained against it by its employee, one Florence Schaales, in a suit prosecuted by her for damages which she sustained in the performance of her said employer's work.

Quoting now from said opinion: "The petitions filed by Florence . . . alleged that Florence from and after October, 1926, was in the employ of the plaintiff, and whole so employed she was seriously and permanently injured and damaged as a direct result of the negligence of (her employer)." The opinion sets out the constitutive facts as follows: "While working for (her said employer) she washed olives. While washing the olives water would splash upon her and drip from her apron upon her clothing so that she was wet from her waist down. The sewer at times became clogged so that the floor became flooded and the water stood in pools on the floor, and Florence in the course of her work walked through the water over the floor. Her feet were always wet. The room where she worked was cold, and she contracted colds during the wintertime. She would just get over one cold and then catch another. This was particularly so during the last winter she worked. Her clothing was made wet by the water splashed as she handled the olives. After leaving the plaintiff's employ, it was discovered that she was suffering from active tuberculosis of the lungs, which the testimony of her physician tends to show resulted from the lowering of her resistance by reason of the colds contracted while working for (said employer)."

Said opinion discloses that after due notice given by the employer before the Schaales action was instituted, and again after it was instituted, the insurance company declined to defend the same. By necessary implication the Court of Appeals held that the judgment therein was conclusive in the action over, as to the facts established in the damage action, under the established rule. [See Dolph v. Maryland Casualty Co., 303 Mo. 1. c. 546, 261 S. W. 330.] The opinion then stated the contention of the insurance company to be "that policy . . . Clause One (b) insures against personal injuries sustained by reason of accident, and that the evidence wholly fails to show that Florence Schaales sustained any such injuries;" and the court affirmed the action of the trial court, after proceeding to rule such contention as follows:

"It will be observed that Clause One (b) insures plaintiff against

liability imposed by law for damages on account of 'personal injuries' to its employees. The term 'personal injuries' is not limited or defined. It is not required that the injury result through physical violence, producing at the time objective symptoms thereof. Nor is it defined as violence to the physical structure of the body. Diseases are not excluded. Injuries with such limitations and exclusions are fully covered by Clause One (a) of the policy.

"Clause Seven, in which the phrase 'sustained by reason of accidents' is indifferently and obscurely introduced, is intended to limit and define the injuries insured with respect to the policy period rather than to characterize the injuries insured. It is obvious that Clause One (b) is intended to cover such personal injuries to plaintiff's employees, for which plaintiff shall become liable, as are not covered by Clause One (a). It should be observed that the policy insures against liability—not against accidents. The language is, 'the liability imposed by law for damages on account of personal injuries.' It could hardly be broader. The term 'personal injury,' where, as here, it is used in the sense of 'bodily injury,' may cover any harmful effect upon the body whether by violence or by disease. The term is frequently used in both the broader and more limited sense. It was evidently used in the broader sense in Clause One (b) of the policy with which we are here concerned. (Citing numerous authorities.)"

This proceeding may properly be ruled under the authority of the decision in the case of State ex rel. Met. Life Ins. Co. v. Allen, 337 Mo. 525, 85 S. W. (2d) 469, in which a like claim and contention were by the contender made and by this court denied, 1. c. 531, 532 (the brief in that case as printed in the official report cites the line of cases herein above).

Therein the court stated the applicable rule, which in substance is found in the Wendorff case, supra (318 Mo. 363, 1. c. 370, 1 S. W. (2d) 1. c. 101), as follows: Unequivocal language in an insurance contract is to be given its plain meaning. Such a contract should be construed as a whole; but, in so far as it is open to different constructions, the most favorable to the insured must be adopted. It was within the province of the Court of Appeals to determine the question of ambiguity vel non. The court did so, and found the contract in question to be ambiguous and accordingly construed it. The only rule of law which the relator claims the opinion violates is the rule that unambiguous contracts are not open to judicial construction. The contracts before the court in the cases cited by relator do not construe insurance policies with like, similar or analogous provisions to those here presented. Hence it cannot be said that said opinion conflicts with controlling decisions of this court on similar facts. The question of the correctness or incorrectness of the Court

of Appeals' decision on the merits of the case is of no proper concern of this court. The actual question of concern is, did that court in attaining the result apply the properly applicable principles or rules of law to the matter before the court.

The problem before the Court of Appeals for determination was as to which branch of the rule above stated was applicable to the policy in question. That court made the determination. The question before us is to determine whether there is substantial reason for doubt and uncertainty in respect of the meaning of the instrument.

Respecting this question we observe: Examination of the words of paragraph seven of the policy, considered in connection with the other paragraphs, discloses ample cause for doubt concerning their meaning. The circuit court and the Court of Appeals reached different conclusions. Among the decisions in various states involving insurance policies that contained identically the same provisions as these now before us there is diversity of opinion. In view of which we are of opinion there was present in the instant case substantial basis for the Court of Appeals' action in judicially construing the questioned policy.

The writ is quashed. All concur.