C. P. PERKINS, APPELLANT, v. LILLIAN BECKER, DEFENDANT, CENTRAL SURETY & INSURANCE CORPORATION, A CORPORATION, GARNISHEE RESPONDENT.—157 S. W. (2d) 550.

Kansas City Court of Appeals. January 5, 1942.

*Robert L. Robertson, Cowgill & Popham* and *Sam Mandell* for appellant.

*Stanley Garrity, M. D. Blackwell* and *McCune, Caldwell, Downing & Noble* for respondent.

788

CAVE, J.—For convenience the parties herein will be referred to as plaintiff, defendant and garnishee.

The plaintiff was injured October 25, 1933, when an automobile owned by defendant Lillian Becker, then being driven by Manuel Becker, who was fourteen years and eight months old, collided with an automobile in which plaintiff was riding. Lillian Becker was not in the car or present at the time of the accident. On the date of the accident, the automobile owned by the defendant was insured under an automobile liability insurance policy issued to her by the garnishee, Central Surety and Insurance Corporation.

Plaintiff brought suit in the Circuit Court of Jackson County, against Lillian Becker, on account of the collision and his ensuing injuries. Notice of the collision and the pendency of the suit were given the insured (garnishee), but it refused to accept the notices and notified all parties concerned that it could not and would not protect anyone under the said policy of insurance, and that it denied all liability, responsibility and coverage under the policy, for the reason that Lillian Becker's automobile was not covered by its policy at the time of the collision because it was then being driven and operated by Manuel Becker contrary to law as to age, he then being only fourteen years and eight months of age.

No defense to the case was made, and in due time a default judgment was rendered against the defendant Lillian Becker for the sum of $5000. In the judgment the court found, among other things, as follows:

". . . and that, as such owner, defendant, Lillian Becker, was then negligently maintaining said automobile with faulty brakes and allowing and permitting same to be driven on the public streets of Kansas City, Missouri, in said condition and without having said car provided at all times with two sets of adequate brakes kept in good working order, and that defendant was thereby negligent, and further finds that directly, proximately and solely by reason of such negligent maintenance and ownership by defendant, said automobile was directly, proximately and solely caused to, and did, on said date, collide with the car in which plaintiff was riding . . ."

After the judgment became final and after execution against Lillian Becker was returned unsatisfied, the plaintiff caused summons of garnishment to be served upon the garnishee herein. The interrogatories to garnishee, garnishee's answer, the denial of garnishee's answer to the interrogatories, and the garnishee's reply to plaintiff's denial, developed but one issue between the plaintiff and garnishee, viz.: a construction of the coverage of the insurance policy.

Plaintiff contends that since his judgment was predicated on the negligent maintenance of the automobile, the garnishee is liable under Item I (a) of the insuring agreements of the policy, which is:

"To insure the assured, within the limits specified herein, against loss from liability imposed by law upon the assured for damages on account of: bodily injuries . . . suffered or alleged to have been suffered by any person . . . from accident occurring during the policy period . . . by reason of the *ownership, maintenance,* or *use* . . . of any automobile described in the schedule."

The garnishee contends that it is not liable because the policy also has this provision under the heading of "Exclusions:"

"This policy does not cover: . . . (4) while the automobile is being operated by any person contrary to law or ordinance as to age, or by any person under the age of fourteen (14) years in any event;" and since it was admitted that Manuel Becker, the driver of the automobile, was operating the same contrary to law (Sec. 8401, R. S. Mo. 1939 (i) ), such exclusion provision applied and relieved the garnishee from any liability on the judgment secured against Lillian Becker.

A jury was waived and the issues in the garnishment proceeding were submitted to the court sitting as a jury on an agreed statement of facts, with certain exhibits attached thereto. In due time the court found the issues for the garnishee and the plaintiff perfected his appeal to this court.

There were no declarations of law or finding of facts requested by either party.

Plaintiff contends that since his judgment in the damage suit was predicated on the negligent "maintenance" of the automobile by the insured, Lillian Becker, that therefore, the "exclusion" clause does not apply; while the garnishee contends that all coverage on the policy contract was suspended during the time the automobile was operated by Manuel Becker in violation of the above statute.

Plaintiff argues that the finding of the trial court in the damage suit that the insured, Lillian Becker, was guilty of negligently maintaining her automobile with faulty brakes and allowing and permitting the same to be driven on the public streets in such condition, was the proximate cause of the accident, is binding on all the parties hereto. [Soukop v. Employers Liability Assurance Corp., 341 Mo. 614, 108 S. W. (2d) 86; American Paper Products v. Aetna Life Ins. Co., 204 Mo. App. 527, 223 S. W. 820.] From that premise, he argues that this policy grants protection against liability imposed by law on the insured (Lillian Becker) because of "the ownership,. *maintenance* or use" of her automobile; and that *"maintenance"* is a thing apart and separate from the "operation" excluded under Item (4) of the "Exclusions" above set out. From plaintiff's brief we conclude that he concedes that the "exclusion" clause would be operative as against "the ownership or use," but not against the "maintenance" of defendant's automobile.

It is agreed that the policy here involved is and was the standard form of automobile liability policy used extensively by garnishee and many other insurance companies in 1933 and prior thereto, for issuance not only in Missouri, but also in several states in which there was no statutory minimum age for drivers and operators of automobiles.

It is well settled in this State that in cases of this kind, plaintiff's rights against the garnishee are fixed by the contract of insurance. His rights are derivative and he has no greater right against the garnishee than the defendant (assured) would have in a direct suit on the policy. [Graff v. Continental Auto Ins. Underwriters, 35 S. W. (2d) 926; Wehrhahn v. Fort Dearborn Casualty Underwriters, 1 S. W. (2d) 242.]

In the case of Daniel v. State Farm Mutual Insurance Co., 130 S. W. (2d) 244, this court, in an opinion by SHAIN, J., in construing an exclusion clause almost identical with the one now under consideration, held that such an exclusion clause was valid and binding and would relieve the insurance company of liability on its policy if the automobile causing the accident was being driven by any person under the age fixed by law, which is, in this State, sixteen years of age; subsection (i) of Section 8401, Revised Statutes Missouri, 1939. Therefore, it may be considered settled: (1) that plain-

tiff's rights against the garnishee are no greater than the rights of the assured; (2) and that the exclusion clause is valid and binding if it is applicable to the facts in a given case.

Plaintiff contends that the exclusion clause in this policy is not applicable to the facts here because it excludes liability only when the automobile is being *"operated"* by any person contrary to law as to age, and that such language does not include *"maintenance"* of the automobile. He cites the case of State ex rel. Chillicothe v. Wilder, 200 Mo. 97, wherein the Supreme Court was discussing a case which had no reference to automobiles or insurance, but it did define the word "maintenance" in the following language:

"The word 'maintain' does not mean 'to provide or construct,' but to keep up and preserve, and the word 'operation' means to put into or continue in operation or activity."

We do not think that case is authority for the point here at issue.

It must be kept in mind that this present action is not based upon tort, in which one of the determinate factors is proximate cause, but upon contract, and garnishee's liability, if any, is fixed by the contract (insurance policy). The courts of many states have held that an exclusion clause similar to the one under consideration is valid and binding and is not against public policy; and they have also held that the question of whether the accident was due to or because of some violation of the exclusion clause is not at issue and is of no consequence. In other words, whether this accident and the resulting injuries was due to the age of Manuel Becker, the driver of the automobile, or whether his age had any causal connection with it whatever, is not in issue in a proceeding on the insurance contract. The liability of the defendant (insured) for damages has been fixed and become final by the judgment in the original suit, but the liability of the insurer on its contract presents an entirely different issue, and one which must be decided by the provisions of the contract of insurance. [Kleeman Co. v. Casualty Co., 177 Mo. App. 397; State Farm Mutual Auto Ins. Co. v. Coughran, 303. U. S. 670, 82 L. Ed. 970; Universal Indemnity Ins. Co. v. North Shore Delivery Co. (Mo. App.), 100 Fed. (2d) 618; Myers v. Ocean Accident & Guaranty Corp., 99 Fed. (2d) 485; Giacomo v. State Farm Mutual Auto Ins. Co. (Minn.), 280 N. W. 653; State Farm Mutual Auto Ins. Co. v. Belshe (Ark.), 112 S. W. (2d) 954; Holland Supply Corp. v. State Farm Mutual Auto Ins. Co. (Va.), 186 S. E. 56; Crahan v. Automobile Underwriters, Inc. (Pa.), 176 Atl. 817; Witzko v. Koenig (Wisc.), 272 N. W. 864.] Therefore, the judgment on the merits in the original suit is not *res adjudicata* of the liability of the garnishee on its contract of insurance. [Daniel v. State Farm Mutual Auto Ins. Co., *supra.*]

The exclusion provision of the policy is above set out, but we again copy it with the insertion of two words "the assured," for the pur-

pose of further discussion. The provision reads (with the interlineation of the two words):

*"This policy does not cover.*: (the assured) . . . (4) while the automobile is being operated by any person contrary to law or ordinance as to age, or by any person under the age of fourteen (14) years in any event;" (Italics ours.)

It is conceded that at the time of the accident, the assured's automobile was being *operated* by Manuel Becker, a person under the age authorized by the Missouri statute to drive or operate a motor vehicle on the highways of this State. [Subsec. (1), sec. 8401, *supra.*] Having held such a provision valid and binding (Daniel case, *supra*), it must be enforced if applicable to the facts in this case. A fair and reasonable construction of the language in the above exclusion clause is that *the policy is suspended during the time the automobile is being operated by a person under the age allowed by our statute,* and *the policy* being suspended during such time, there would be no liability under the coverage clause whether the accident and damages resulted from *ownership, maintenance* or *use.*

In the case of Bridgewater v. General Exchange Ins. Corp., 131 S. W. (2d) 220, this court held that an automobile fire insurance policy containing clauses to the effect that the company should "not be liable for any loss or damage to any property insured hereunder while subject to any lien, mortgage or other encumbrance" was a valid provision and that a violation of it by the assured in giving a mortgage on the automobile did not render the policy void, but "merely relieved the insurer of liability for any loss or damage which might occur during the existence of such mortgage," and further held that during such time, the policy was suspended and there was no liability thereunder until the mortgage or lien was released. The same situation exists here, the policy is suspended while the automobile is being operated by a person under the age permitted by statute.

Plaintiff cites and ably argues that the case of Morse v. American Liability & Surety Co., 322 Pa. 91, 185 Atl. 201, announces the doctrine which he should apply and follow in this case. We have carefully read that opinion and do not believe it applies here. There, the court was discussing a rider which had been attached to the policy, which stated that "it was agreed that the policy should cover the operation of the automobiles only when driven by certain named persons." This was an extended coverage for "operation" only as to certain named drivers. It was a special endorsement on the policy and did not involve the standard exclusion provision as in this case. It did not purport to exclude all coverage generally under certain conditions, as in this case. There is a discussion by the court of the difference between the expressions "operation" and

"maintenance," but we do not believe such discussion is applicable to the policy and the agreed facts which we have under consideration.

The plaintiff next contends that the provisions of the policy applicable here are ambiguous and therefore should be given a construction most favorable to the insured, and to support that general proposition he cites: State ex rel. Ocean Accident & Guaranty Corp. v. Hostetter, 341 Mo. 488, 108 S. W. (2d) 17; Soukop v. Employers Liability Assurance Corp. of London, 341 Mo. 614, 108 S. W. (2d) 86; and State ex rel. Mills Lumber Company v. Trimble et al., 327 Mo. 899, 39 S. W. (2d) 355. There can be no doubt about that being the general rule, but is there an ambiguity in this policy?

The plaintiff argues that the exclusion clause is equivocal and ambiguous because it has at the end thereof the words *"in any event"* (italics plaintiff's). We will not again recopy the whole exclusion clause, but the plaintiff argues that adding the words *"in any event"* makes the provision equivocal and ambiguous. There is no merit in this contention. We are considering a standard form policy used in a large number of States, some of which by statute prohibit the driving of an automobile by persons under eighteen years of age, others under seventeen years of age, and Missouri under sixteen years of age, and some States do not have any age limit. Therefore, the age limit fixd by statute in a given State would apply, but *in no event* would the company be liable if the automobile was being driven by a person under the age of fourteen years, regardless of a statute fixing a lower age, or not fixing any age.

This identical language has been so construed and held not to be equivocal or ambiguous. [Brock v. Travelers Ins. Co. (Conn.), 91 Atl. 279; U. S. Fidelity & Guaranty Corp. v. Guenther, 31 Fed. (2d) 919; Wagoner v. Federal & Casualty Co., 213 N. Y. S. 188, 171 N. E. 803; and Donald v. Lewis, 4 D. L. R. 351.]

The Supreme Court of the United States in U. S. Fidelity & Guaranty Corporation v. Guenther, *supra,* has this to say with reference to an exclusion clause almost identical with the one under consideration:

"We think that when the words of the exclusion clause are taken in their ordinary meaning, they are free from any ambiguity that requires them to be construed most strongly against the company."

Our courts have held that where the language of the policy is plain and unambiguous, such language must be given its plain meaning. [State ex rel. Ocean Accident & Guaranty Corp. v. Hostetter, *supra*; State ex rel. Metropolitan Life Ins. Co. v. Allen, 337 Mo. 525, 85 S. W. (2d) 469.]

Entertaining these views, it follows that the trial court did not err in its findings and judgment. It follows that the judgment should be affirmed. It is so ordered. All concur.