The **AETNA CASUALTY AND SURETY COMPANY**, Appellant,

v.

Herbert H. **HASE**, Appellee.

No. 18857.

United States Court of Appeals
Eighth Circuit.

March 5, 1968.

F. Douglas O'Leary of Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Mo., for appellant; M. E. Stokes, St. Louis, Mo., on the brief.

Charles E. Gray, St. Louis, Mo., for appellee; C. Marshall Friedman, St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, MATTHES, Circuit Judge, and HARRIS, Chief District Judge.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal by defendant The Aetna Casualty and Surety Company (Aetna) from a judgment for $45,-000 entered against it in favor of plaintiff Herbert H. Hase. Hase had obtained a judgment in the Circuit Court of St. Louis against Wright City Display Manufacturing Company (Display) in the same amount in a common law action based upon negligence. Hase in the present suit, based upon diversity jurisdiction, seeks enforcement of the state judgment against Aetna on the basis that such risk is insured by a comprehensive liability insurance policy issued by Aetna to Display which was in effect at the time of the accident. It is undisputed that Display gave Aetna timely notice of the

state court suit and requested Aetna to defend it, which it refused to do. The complicated factual background of this litigation is fairly set out in Chief Judge Harper's opinion reported at D.C., 266 F.Supp. 952.

The present case was tried to Judge Harper without a jury. No error is here asserted with respect to a number of issues raised in and rejected by the trial court. Hence, such issues require no consideration here.

The defense relied upon by Aetna on this appeal is that the injury to Hase here involved is excluded from coverage by its policy issued Display by exclusions (d) and (f), which read:

"This policy does not apply:

\* \* \* \* \* \*

(d) under Coverage A and C, to any obligation for which the Insured of any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law.

\* \* \* \* \* \*

(f) under Coverage C, except with respect to liability assumed by the Insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the Insured arising out of and in the course of his employment by the Insured; \* \* \*."

Aetna contends that Hase is a statutory employee of Display under § 287.040, R.S. Mo., and that as such is covered by Display by workmen's compensation and hence the policy exclusions just quoted foreclose coverage for the injury suffered by Hase involved in this litigation. The trial court upheld Aetna's contention that Hase is a statutory employee of Display. Pp. 258 to 260 of 266 F.Supp. Neither the record upon which the court's fact findings on this issue are based nor the record upon which the state court judgment was entered is before us. Inasmuch as we hold for rea-

sons hereinafter set out that Aetna is collaterally estopped from asserting its policy exclusion defense, it is unnecessary for us to determine whether the trial court rightly determined the statutory employee issue.

The trial court upheld Hase's contention that Aetna was collaterally estopped by the state court judgment from disclaiming policy coverage. We agree and affirm upon such basis. The trial court in upholding Hase's contention, states:

"Nevertheless, Aetna may be bound by such action because of its contractual relationship to Display. Since Aetna was given notice and a reasonable opportunity to defend the action in the Circuit Court of the City of St. Louis, Display may be said to have *vouched in* Aetna. Moore's Federal Practice, Vol. 1–B, § 0.405(9), page 744, states:

'Likewise, under the modern concept of vouching in, a vouchee who refuses to defend is concluded by the judgment against the voucher as to all issues that were adjudged, including the nature of the plaintiff's claim; and the vouchee's defenses in an action over by the defendant, or in a suit on the unsatisfied judgment by the plaintiff, are limited to denial of notice and opportunity to defend, of the alleged warranty or obligation to reimburse the voucher, and that the claim against the voucher is within the coverage of the vouchee's obligation. *As to coverage, if the judgment against the voucher adjudicates the nature of the claim against him, as usually it will, the judgment is normally conclusive as to the nature of the claim for the purpose of determining whether it is within the coverage of the vouchee's obligation.*' (Emphasis added.)

"See also, B. Roth Tool Co. v. New Amsterdam Casualty Co., 161 F. 709 (C.A. 8), and Row v. Cape Girardeau Foundry Co., 141 S.W.2d 113 (Mo. App.)" 266 F.Supp. 952, 960.

Aetna's comprehensive liability policy extends broad coverage. The provision with respect to the duty to defend reads:

"With respect to such insurance as is afforded by this policy, the Company shall:

"(a) defend any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *."

When, as here, the policy provision for defense is broad, 7A Appleman Ins. L. & P. § 4682 thus states the applicable rule:

"Accordingly, the insurer is bound to defend the insured against suits alleging facts and circumstances covered by the policy, even though such suits are groundless, false, or fraudulent. Or, to put it another way, the insurer must defend any action where, if liability is established, the insurer would be liable."

It is undisputed that Display made a proper and timely demand upon Aetna to defend the state court suit, that Aetna was properly vouched in and that Aetna refused to defend.

Hase relies on the doctrine of collateral estoppel (issue preclusion) to bind Aetna by the state court judgment and the judgment appealed from is based upon the adoption of such theory. Broad res judicata (claim preclusion) does not apply because the cause of action in the state court is not the identical cause of action as the one before us here. The state action is based upon tort while the present action is based upon the insurance contract.

Collateral estoppel operates when the second suit is between the same parties but the cause of action is different. Such is the situation here. The rule of collateral estoppel which applies to our present situation is stated by the Springfield Court of Appeals in Drennen v. Wren, Mo.App., 416 S.W.2d 229, 234, as follows:

"[W]here an indemnitor had notice of the suit against the indemnitee and has been afforded the opportunity to appear and defend, the judgment against the indemnitee, if obtained without fraud or collusion, is conclusive against the indemnitor in respect to all questions and facts therein determined, provided they were necessary to the result of the first suit."

To like effect, see London Guarantee & Accident Co. v. Strait Scale Co., 322 Mo. 502, 15 S.W.2d 766, 770, 64 A.L.R. 936; 46 C.J.S. Insurance § 1251; 30A Am. Jur. Judgments § 421.

The trial court made the following findings on the issue here pertinent:

"Under policy No. 51 AL 5048 Aetna agreed to indemnify Display for any common law liability. The judgment in the Circuit Court of the City of St. Louis held that Display was liable to Hase at common law. Aetna is bound by that judgment as determining the nature of Hase's claim against Display and hence the policy coverage. Aetna cannot now contend, for purposes of policy coverage, that the nature of Hase's claim against Display was not at common law but was within the workmen's compensation laws." 266 F.Supp. 952, 960.

Such finding is supported by the record. Generally the duty to defend is determined by the allegations of the petition. State Farm Mut. Auto. Ins. Co. v. Bonwell, 8 Cir., 248 F.2d 862, 868; Mistele v. Ogle, Mo., 293 S.W.2d 330, 334; Inter-State Oil Co. v. Equity Mut. Ins. Co., Mo. App., 183 S.W.2d 328, 332; 7A Appleman Ins. L. & P. §§ 4682–83.

The state court petition seeks damages for common law negligence and contains no allegations which can fairly be construed as asserting plaintiff to be a statutory employee of Display. On the contrary, the petition is designed to and does negative such a relationship. The amended petition bringing in Display as a defendant states that defendant entered into a contract with co-defendants Laclede Gateway Company and O'Fallon Investment Co., owners of the land, to have constructed a building for the benefit and profit of each of such defendants,

and that Display had contracted with various contractors to construct the building. The petition also contains the allegation that Display is not and was not at any time material engaged in the construction of buildings. It also appears that Display was to occupy the building as a tenant after its completion.

Display's state court answer by paragraph 4 raised the issue that Hase was a statutory employee and that by reason thereof, plaintiff's exclusive remedy, if any, was under the workmen's compensation statute, and hence the court had no jurisdiction. Defendant's attorney before trial withdrew paragraph 4 of the answer and his appearance. The record discloses that the court thereafter received evidence and on the basis thereof, made findings in favor of Hase on his common law negligence action and awarded the $45,000 judgment. No fraud or collusion is claimed in connection with such transactions, either in the trial court or here. Aetna urges that by reason of the withdrawal of the paragraph 4 defense the statuory employee issue was withdrawn from the case. We do not agree.

 It is undisputed that if Hase is a statutory employee of Display, his relief would lie in the hands of the Workmen's Compensation Commission and the court would be without jurisdiction. See Row v. Cape Girardeau Foundry Co., Mo.App., 141 S.W.2d 113, 117. Courts are required to satisfy themselves as to their own jurisdiction whether or not the jurisdictional issue is raised. Thus the court was required to determine upon the basis of the pleadings and the evidence before it that no statutory employee relationship existed in order to support its jurisdiction to grant the common law relief for negligence claimed. The evidence produced before the state court is not a part of the record. In First Nat'l Bank & Trust Co. v. Bowman, 322 Mo. 654, 15 S.W.2d 842, 850–851, the court stated:

" 'It is well established as a general rule that, where a court of general jurisdiction has exercised its powers, it will be presumed, unless the contrary appears of record, that it had jurisdiction both of the subject matter of the action and of the parties, for, as the first duty of all courts is to keep strictly within the limits of their jurisdiction, any affirmative act on the part of a court implies that it has ascertained that it has jurisdiction so to act. * * * It accordingly will be presumed that all the facts necessary to give the court jurisdiction to render the particular judgment were duly found, and that every step necessary to give jurisdiction has been taken.' 15 C.J. 827–829. And, according to the weight of authority, the presumption in favor of the jurisdiction of a court of record may be overcome only by recitals in the record showing affirmatively that the court was without jurisdiction in respect either to the parties or to the subject-matter, and not by evidence dehors the record in the suit or action in which the court has assumed jurisdiction. 15 C.J. 832. Furthermore, where the evidence upon which a trial court predicated its findings and judgment is not before the reviewing court, it must be presumed that the evidence is sufficient to support and sustain the findings and judgment of the trial court. 4 C.J. 777, 786."

To the same effect, see Ray v. Ray, 330 Mo. 530, 50 S.W.2d 142.

The state court record reflects that the judgment entered is based upon evidence received and findings based thereon. As heretofore pointed out, there is nothing in plaintiff's pleadings which would indicate that any statutory employee relationship existed. Moreover, the amount of the judgment is considerably in excess of any amount that would be allowable under workmen's compensation statutes, and thus it would appear that the damages awarded are based upon proven common law negligence.

Row v. Cape Girardeau Foundry Co., supra, cited and relied upon by the trial court, supports the judgment entered. In *Row*, the plaintiff had contracted tu-

berculosis. His claim before the Commission was that he suffered an accidental injury while working which caused or aggravated the tubercular condition. The Commission denied the claim on the basis that there was no showing of an accidental injury. Such decision became final. Plaintiff then instituted a common law negligence action, carefully avoiding any claim of occupational disease. Plaintiff obtained a default judgment which was followed by a garnishment proceeding against the employer's insurer. Plaintiff prevailed in the trial court. On appeal, the insurer made two claims: (1) exclusive jurisdiction of plaintiff's cause of action rested in the Commission, and (2) policy coverage specifically excluded occupational diseases. On the first point, the court stated:

> "[U]nless the nonexistence of the court's jurisdiction to have rendered the judgment affirmatively appears upon the face of the record in the principal action, the judgment is not to be invalidated, but on the contrary is to be held good as against the present collateral attempt to impeach it. Ray v. Ray, 330 Mo. 530, 50 S.W.2d 142." 141 S.W.2d 113, 117.

See Payne v. St. Louis Union Trust Co., Mo., 389 S.W.2d 832, 837.

As to the second point, the court stressed the fact that no mention of occupational disease was made in the petition and hence the judgment entered could not be based upon the presence of an occupational disease, and held that the judgment established that the injury sustained was of a character covered by the policy and did not fall within the policy exclusion.

An analogous situation is presented in our present case. The action was predicated on common law negligence and plaintiff studiously avoided making any allegations bringing his claim within the provisions of the Workmen's Compensation Act. The relief granted was for common law negligence. Such relief was within the scope of the insurance coverage and outside of the policy exclusion provisions.

The trial court on the record before it properly determined that Aetna's policy defense and Display's defense are the same. Aetna by asserting and proving that Hase was a statutory employee could have successfully defended in the state court action and secured a dismissal on the ground that the court had no jurisdiction to grant relief in a common law action. By asserting such defense, it would at the same time have established that the claim fell within the policy exclusions heretofore set out. By failing to do so, it breached its duty to defend and is bound by the consequences thereof.

We recognize that in a number of situations the issue of coverage will not be adjudicated in the suit against the insured. This is because the coverage defense has no bearing upon the insured's liability. Such situation is recognized in Drennen v. Wren, supra, by the following language:

> " 'We recognize that certain issues between insurer and insured, e. g., fraud in the procurement of the policy or *breach of an essential condition*, are not litigable in the main case against the insured in a negligence action * * * and that such issues would survive inter partes an adverse judgment in the main suit.' " 416 S.W.2d 229, 235.

Other situations where the exclusion issue would not be litigable in the suit against the insured are provisions excluding coverage where a car is operated by a driver under specified age, such as in State Farm Ins. Co. v. Coughran, 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970, and Perkins v. Becker, 236 Mo.App. 786, 157 S.W.2d 550.

■ We hold that the trial court properly determined under the facts and circumstances of this case that the issue of Hase's status as a statutory employee entitled to workmen's compensation from Display was necessarily litigated and determined adversely to Display and Aetna in the state court suit. Hence Aetna by

reason of collateral estoppel is precluded from urging in the present case that coverage of Hase's injuries is excluded on the ground Hase is a statutory employee of Display covered by workmen's compensation. We limit our holding to the peculiar facts and circumstances presented by this action.

The judgment is affirmed.