W. O. DANIEL, RESPONDENT, v. STATE FARM MUTUAL INSURANCE COMPANY, APPELLANT.—130 S. W. (2d) 244.

Kansas City Court of Appeals. April 3, 1939.

*Henderson & Deacy, Ben W. Swofford* and *Murrell & Murrell* for appellant.

*Rieger & Rieger, Roland A. Zeigel* and *John Campbell* for respondent.

SHAIN, P. J.—The determination of the issues presented for this court in this cause involves, in final analysis, the construction of an assurance policy issued by the defendant to the plaintiff for a valuable consideration, and providing for indemnity to the plaintiff for liability for damages imposed on plaintiff resulting from an accident by reason of ownership, maintenance or use of plaintiff's automobile.

To the end of clarity of matters involved, we here set forth such parts of the contract as are involved in our review.

Under the coverage of said policy, liability for damages includes other drivers than the plaintiff owner, and as to same the following appears:

"ADDITIONAL BENEFITS UNDER COVERAGE."

"(1) Other Drivers Covered. The protection under above Coverages is extended to cover drivers as follows: The unqualified word 'Assured' wherever used in above Coverages and in other parts of this Policy when applicable to these Coverages, includes not only the named Assured, but also any other person or organization while legally' using the automobile, including also any other person or organization legally responsible for the use thereof, provided the disclosed and actual use of the automobile is 'Pleasure and Business' as defined herein, and further provided that such use is with the permission of the named Assured who, if an individual, may give such permission through an adult member of his household other than a chauffeur or domestic servant."

Following the above, the following appears:

"(2) Investigation, Defense and First Aid. The Company further agrees: (a) To make such investigation, negotiation or settlement of any resulting claim, as it may deem expedient; (b) To defend, in his name and behalf, any suit against the assured seeking damages on account of such injury or destruction, even if such suit is groundless, false, or fraudulent; (c) To pay all costs taxed against the Assured in any such suit, all interest accruing after entry of judgment until the Company has paid, tendered or deposited in Court such part of such judgment as does not exceed the limit of the Company's liability thereof.

"GENERAL CONDITIONS.

"(1) Purposes of Use Defined. The term 'Pleasure and Business' means personal, pleasure and family use including business calls.

"(3) The Company Shall Not Be Liable. Under Above Coverages while the automobile is being driven in a race or speed contest, or by any person under the age fixed by law, or fourteen (14) years in any event."

The facts and circumstances out of which this action arises are as follows: Margaret Hozelton, by her next friend, sued the respondent, W. O. Daniel, and his son, William, in the circuit court of Adair county, Missouri, on May 12, 1936, to recover damages for personal injuries sustained by the said plaintiff, Hozelton, while she was riding in an automobile which she alleged was being operated by said W. O. Daniel and his said son on April 25, 1936.

The petition in the Hozelton suit charged as follows:

"For cause of action plaintiff states that on or about the 25th day of April, 1936, the defendants were operating a certain automobile and motor vehicle upon Missouri State Highway Number 11 and at the time and place herein referred to the said Margaret Hozelton was riding in said automobile as a passenger. That defendants at said time and place failed to exercise the highest degree of care in the operation of said automobile and on the contrary negligently drove

and operated same at a high and dangerous rate of speed and in a reckless, negligent and careless manner causing said automobile to overturn and throwing the said Margaret Hozelton violently around in said automobile causing her certain painful, serious and permanent injuries, to-wit.''

The Hozelton suit asked damages in amount of $10,000.

After the Hozelton suit was brought, the plaintiff herein, a defendant in aforesaid suit, promptly and duly notified the defendant herein and requested defendant herein, under provisions of clause (2) of policy aforesaid, to defend said Hozelton suit.

To the above request the defendant herein made reply as follows:

''We are in receipt of summons and petition in the suit instituted against you and your son William Daniel in the Circuit Court of Adair County, Missouri, by Margaret Hoselton, *Pro Ami,* returnable to the June Term, 1936.

''We understand that this suit arises out of the accident which is alleged to have occurred on or about April 25, 1936, on Highway #11 three miles east of Kirksville, Missouri, in Adair County, and which is alleged to have involved your Studebaker 4-door sedan, engine #S69251, described in our policy #1177752-Mo., while the same was being driven and operated by your fifteen-year-old son and co-defendant, William Daniel.

''We have heretofore disclaimed liability for this accident and all results and consequences flowing therefrom in our letter to you of April 30th, carbon copy of which was also forwarded to your son, William Daniel. Therefore, we wish to reaffirm this disclaimer and do hereby return the summons and petition in duplicate in the said suit for your disposition.''

Upon failure and refusal of the defendant herein to furnish counsel for defense of the Hozelton suit, the defendant therein, plaintiff herein, proceeded to hire counsel who appeared and defended in the said suit.

It appears that the Hozelton suit resulted in a verdict for damages against the defendant therein, plaintiff herein, for the sum of $800. Thereafter, the defendant herein was notified of said judgment and requested to pay same.

Upon failure of the defendant herein to pay the amount of the judgment in the Hozelton case, the plaintiff herein paid said judgment and costs and thereafter brought this action against the defendant for the amount of damages, costs and attorney fees involved in the Hozelton suit and for penalty for vexatious delay.

This action was tried below by the court, jury being waived. The judgment below was for plaintiff and against defendant for $800 (judgment in the Hozelton case), $94.10 costs, and for $400 for attorney fees in the Hozelton case. The court further awarded to plaintiff and against defendant the sum of $80 penalty and $300 for attor-

ney fees for defense in this action. From the judgment the defendant duly appealed.

We will continue to designate respondent as plaintiff and appellant as defendant.

We are called upon to review this cause on claims of error on five grounds. First, refusal of declaration of law directing a finding for defendant; Second, refusal to declare as matter of law that attorney fees and penalties for vexatious delay were not recoverable; Third, because the verdict and judgment of the court is against the law and the evidence and against the law under the evidence; Fourth, because the verdict and judgment of the court is for the wrong party and should have been for the appellant; Fifth, because the court erred in overruling appellant's motion for a new trial.

OPINION.

The record in this case presents situations of novelty, and while the showing may not be a conclusive refutation to the saying that ''there is nothing new under the sun'' still it is absolutely conclusive of the fact that combinations of issues may present problems in arithmetic progression. It may be further expressed, *dehors* the record, that insurance contracts may be conclusive of the same fact.

The record herein discloses that the defense to plaintiff's action is based upon the assumption that the damages awarded in the Hozelton case did not arise out of the use of plaintiff's automobile within the coverage of the policy, and further upon the aforesaid assumption that defendant, under the terms of the contract, was not obligated to defend the suit brought by Margaret Hozelton. The defendant by its answer squarely presented the above issues and we conclude that any rightful determination of this suit must squarely pass upon the issues as raised.

From a reading of the record in this case, we conclude that the trial court ignored the above issues and determined the cause and based his judgment alone upon a conclusion that the judgment in the Hozelton case was *res judicata* and binding upon the defendant herein. We reach this conclusion from several showings in the record.

When the plaintiff was on the stand as a witness and while being cross-examined, the following is shown:

''Q. You know as a matter of fact, Mr. Daniel, that your son was driving your automobile and had an accident on the 25th of April last year—

''MR. CAMPBELL: Just a minute.

''MR. MURRELL. Q. (Continuing): In Adair County, Missouri.

''MR. CAMPBELL: Now, if the Court please—

''MR. MURRELL: Wait just a minute.

''MR. CAMPBELL: I beg your pardon.

''Q. (Continuing)': On Missouri State Highway No. 11.

''MR. CAMPBELL: If the Court please, we object to that for the

reason that it is not within the issues and tends to prove or disprove no allegation made by the petition or pleadings; wholly immaterial to any issue, because the record in the case of Hoselton against Daniel and the judgment in that case is *res judicata* upon the defendant, the State Farm Mutual Automobile Insurance Company, for the reason that they had opportunity and were under the duty to defend that action and did not do so.

"MR. MURRELL: Assuming it was under some duties, they have not been proven, and which we deny.

"THE COURT: The policy is introduced.

"MR. MURRELL: That is a matter for the Court—that is the very matter at issue in this case here.

"THE COURT: Sustained."

It is true that thereafter the plaintiff was permitted to state the age of his son. However, the court on admission stated as follows:

"THE COURT: Mr. Murrell, your testimony going behind the date of the judgment, as to the age of the son is passed on only tentatively by the court at this time.

"MR. MURRELL: That is the very issue in this case.

"THE COURT: I say, I am only passing on it tentatively at this time and I advise you as to that. Whether or not it is inclusive of *res judicata* included in the judgment or not, I will pass on it definitely later on."

There is no showing that the court did later pass definitely on the question.

The defendant, to sustain its issue, placed William Daniel, son of plaintiff, on the stand.

"Q. Do you recall that about the 25th of April last you were driving an automobile which was involved in an accident in which Margaret Hoselton claimed to have been injured?—

"MR. CAMPBELL: Now, just a minute.

"MR. MURRELL: Wait until I finish.

"Q. (Continuing): And on which that suit against you and your father in this court was based?

"MR. CAMPBELL: I object to that for the reason it is wholly immaterial to any issue, tends to prove or disprove no issue made by the pleadings in this action, and for the further reason that the defendant here, the State Farm Mutual Automobile Insurance Company is bound by the judgment in that case and the judgment and record in that case are final and *res judicata* as to it in this case.

"MR. MURRELL: If the Court please, we are not trying to go into the merits on this matter at all as to the issues in that case. This question is merely preliminary and not for the purpose of going into the merits of that action.

"THE COURT: I have taken some of the proof so far along this line, and as I indicated to you, I am taking it tentatively at the present time. The objection for the present will be overruled."

Under tentative ruling of the court, William Daniel was allowed, over the repeated objections of defendant, to testify as to his age being under sixteen years and that he alone was driving the car at the time of the Hozelton accident and that his father was not present at the time.

At the close of the testimony of the above witness, the following is shown:

"MR. CAMPBELL: Now, we move to strike out the testimony of the witness just on the stand for the reasons stated in the objections—the objections to the several questions.

"THE COURT: You have no further testimony, Mr. Murrell?

"MR. MURRELL: Just a minute. I will let you know. I am just thinking—No, defendant rests.

"MR. CAMPBELL: The plaintiff closes."

After the above, there is shown colloquy between counsel and court concerning the grounds of the motion to strike and at the close of the colloquy the following is shown:

"THE COURT: The query arises then whether or not you are estopped by reason of participating in the other trial.

"MR. W. F. MURRELL: But we didn't participate in the other trial. I don't think you should withdraw that evidence because it is clearly competent testimony.

"THE COURT: Well, I am going to hear you on it. I withdraw my ruling on the motion to strike and I will hear you on that.

"MR. MURRELL: On that question of whether or not it contributed to the cause of the injury, there is only one decision that we know of in the United States in which that is held, and I believe that is Louisiana. That is contrary to the general rule."

It is not shown that the court ruled on the motion to strike when same was made, still he is shown as stating that he withdrew his rulings. There is no showing of record that the court thereafter made a ruling on the matter.

It is manifest that the trial court failed to pass upon the merits or demerits of issues presented by the defendant, and based its conclusion on the theory of res judicata and permitted recovery for exact amount of judgment in the Hozelton suit and recovery for attorney fees therein and for penalty and attorney fees herein.

We conclude that there are not facts shown in the case at bar from which it can be declared that the Hozelton judgment can be declared to be res judicata in the case at bar. It is incumbent on one asserting the plea of res judicata that he establish, by affirmative proof, that the cause of action involved in the former case, and the parties, are identical with those in the case in which the plea is asserted. The chief issue in this case could not have been an issue in the former case. There is no such identity, either of cause of action or of parties, shown here. We rule the point against plaintiff. [Scheer v. Trust Company of St. Louis, 49 S. W. (2d) 135, 330 Mo. 149.]

For further reason for the above conclusion, and for the purpose of passing upon another question, we deem it our duty to give construction to vital clauses in the contract of insurance. Said clauses are fully set out above.

We conclude that the explicit condition, to the effect that no liability attaches to defendant for damages caused while the automobile is being driven by any person under age fixed by law, is a valid and binding restriction on the coverage. Sub-section (i), of section 7783, Revised Statutes Missouri 1929, prohibits any person under the age of sixteen years from operating a motor vehicle on the highways of this State. This case squarely raises the question of whether or not an insurance company can escape liability under a policy so providing.

The question has not been ruled by Missouri courts, although our St. Louis Court of Appeals, in a somewhat analogous situation in Blanke-Baer Extract & Preserving Company v. Ocean Accident & Guarantee Corporation, 96 S. W. (2d) 648, held that one who is employed in direct violation of the statute does not come within the provisions of an insurance policy covering liability of the employer to said employee where the policy covered only those legally employed. This opinion was upheld by the Supreme Court on *certiorari,* 108 S. W. (2d) 17.

The United States Court of Appeals construed a Missouri contract of insurance where the policy contained the following provisions:

". . . or (b) being operated by any person under the age limit fixed by law, or under the age of sixteen (16) years in any event . . ."

The court said in Maryland Casualty Company v. Friedman, 45 Fed. (2d) l. c. 371:

"We are of the opinion that 'the age limit fixed by law' was eighteen years for the driver of the automobile truck in question under the circumstances disclosed. It is conceded that he was under that age. The liability incurred by reason of the accident was therefore not within the coverage of the policy."

Based upon our above construction and in further support of our conclusion on the question of *res judicata,* we apply a well-established principle of law, to-wit: The father, the plaintiff in this case, is liable for injury inflicted by his minor son if his son was, at the time of the injury, about his father's business. However, in such event, although the father be liable, the insurer, under such provisions as are found in the policy in issue in this case, is not liable and any judgment based upon such an action is not an adjudication of the insurer's liability in this cause.

The review of this case presents its difficulties, in that it is manifest that defendant was erroneously precluded from a rightful examination of the plaintiff and his son in support of the following allegation of his answer:

"Further answering, defendant states that the accident set out and described in plaintiff's petition occurred on a public highway in Adair County, Missouri, on the 25th day of April, 1936, and that at said time and place the automobile hereinabove described was being driven and operated by William Daniel, son of the above-named plaintiff, W. O. Daniel, and that at said time the said William Daniel was of the age of fifteen years, and that William Daniel reached the age of sixteen years on or about the 15th day of September, 1936."

It is further manifest that the court erroneously refused to unconditionally admit such testimony and give to same any probative value. All of which, we conclude, is clearly shown by the showing of the record herein.

The defendant, based upon its offered instruction for an instructed verdict asked at the close of all the evidence, makes claim that as plaintiff failed to controvert by reply that therefore its allegation, in answer above set forth, must be considered as admitted. We conclude that such claim, now being made, cannot be sustained for the reasons that no demurrer was asked at the close of the plaintiff's case, and the defendant thereafter treated and presented such issue as an affirmative defense and offered its testimony to substantiate the same.

As to the testimony offered by defendant to substantiate the above allegation, we conclude that the court, in effect, failed to receive and pass upon same and, ignoring same, proceeded to resolve the issues on theory that the judgment in the Hozelton case was res judicata. In other words, the trial court proceeded upon the theory that the above allegation in defendant's answer constituted no defense. Such ruling and such act of the trial court, we conclude, presents reversible error.

We conclude from a careful study of the showing of the record, that the trial court's tentative reception of the testimony of plaintiff and his minor son, its refusal to make findings as to the admissibility when objections were made and its failure to rule on motions to strike did, in effect, exclude said testimony and shows a failure to pass upon the probative effect of said testimony. Not only does the parts from the record, set out above, substantiate our conclusion, but the very language of the judgment supports same. Concluding as we do that the trial court, in effect, excluded the testimony above referred to, it is not in the province of this court to make findings on same.

Another difficulty presented in this record is the fact, that the record in this case concerning the Hozelton case does not disclose upon what theory the result in that case was reached. The petition in the Hozelton case throws no definite light on the above question. The language of the petition in that case, set out above, is that the defendant, plaintiff herein, and his son "were operating a certain automobile." There is evidence from which we conclude that the automobile referred to in the petition is the one covered by the policy in this case.

The word "operate" according to Webster's dictionary is to "pro-

duce an effect, to cause to effect, to bring about.'' One may be held to liability as operating an automobile while same is being driven by another or while being driven by himself. The non-coverage, as expressed in the policy in issue, is based upon *driving* and not operation. There is no showing in the record in the Hozelton case, as shown by the record in this case, that throws any light on the question as to who was driving the car. It follows that under the allegations of the petition in the Hozelton case, the question, as to whether the plaintiff in this case was driving the car or his minor son was driving, is not determined and there is no evidence shown in the Hozelton case from which such matter can be determined. As we conclude that the Hozelton case is not *res judicata* of the issues presented in this case, and as we conclude that such testimony as tentatively heard by the trial court bearing upon the allegations of defense, set forth above, was, in effect, excluded, it follows that we must remand this cause. There are, however, other questions raised in this appeal that we conclude are our duty to consider.

· The plaintiff herein alleges liability upon defendant and in his brief makes claim that same involves language contained in ''Additional Benefits Under Coverage,'' para. (2), (b), *supra,* as follows: ''To *defend,* in his name and behalf, *any suit* against the assured *seeking damages* on account of such injury or destruction, *even if* such suit is *groundless, false, or fraudulent.''* (Italics ours.)

We interpret failure to make defense, for groundless, false and fraudulent suit to come within the coverage of the policy in issue and to be consistent with our holdings above concerning the Hozelton case we hold that the judgment in the Hozelton case has no bearing upon defendant's liability under the above provision.

As to the claim of plaintiff, based upon the above provision, we find no allegation in plaintiff's petition that presents any issue based upon defendant's refusing to defend a *groundless, false or fraudulent claim.* According to the position of plaintiff, the Hozelton case is not so characterized.

The contention of defendant in this case is that the Hozelton suit was based upon matters excluded from the coverage clause of the insurance contract, to-wit, ''General Conditions'' (3), *supra.* We conclude that such is a defense, if proven, regardless of the fact that defendant refused to defend in said cause. In other words, we hold that if it be shown that a suit brought against the assured be based upon facts not within the coverage, then no duty devolves upon defendant to defend such a suit.

Based upon the premises and conclusions stated above, we conclude that the judgment should be reversed. However, we conclude that the nature of the errors pointed out are such that the cause should be remanded to the end and that the issues may be presented, tried and determined in accordance with conclusions presented herein.

There are questions of allowances based upon vexatious delay pre-

sented for review. The law as to such is well defined and on retrial must depend upon the facts developed and we need not further discuss same herein.

Judgment reversed and cause remanded. All concur.