MARSHALL'S U. S. AUTO SUPPLY, INC., Appellant, v. MARYLAND CAS-
UALTY COMPANY.—No. 39170.—189 S. W. (2d) 529.

Division One, June 4, 1945.

Rehearing Denied, September 4, 1945.

Motion For Leave to File Motion to Set Aside Order Overruling Motion
For Rehearing Overruled, October 1, 1945.

*Maurice O'Sullivan* and *Charles M. Miller* for appellant.

456

*Paul G. Koontz, Solbert M. Wasserstrom* and *Warrick, Koontz &
Hazard* for respondent.

 HYDE, P. J.—This is an action to recover $7561.78 as costs of defending an action (brought against plaintiff by an employee) which plaintiff claims defendant was obligated to defend under an insurance policy issued by defendant to plaintiff. (Plaintiff successfully defended the case, which was Tindall v. Marshall's U. S. Auto Supply, Inc., 348 Mo. 1189, 159 S. W. (2d) 302.) Judgment for defendant and plaintiff appeals.

The policy of insurance was a "Standard Workmen's Compensation and Employers' Liability Policy." It was substantially the same as the policy described in Soukop v. Employers' Liability Co., 341 Mo. 614, 108 S. W. (2d) 86, to which we make reference for provisions not hereinafter stated. Paragraph One (a) thereof insured plaintiff's liability under the Workmen's Compensation Act. Paragraph One (b) provided for indemnity against loss by reason of liability imposed upon plaintiff on account of personal injuries to its employees.

Paragraph Three required the Insurance Company to defend in the name of the insured "any suits or other proceedings which may at any time, be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, obligations or demands are wholly groundless, false or fraudulent."

The policy, however, was subject to the following endorsement:

"The policy to which this endorsement is attached does not cover occupational disease. It is agreed that the policy of which this endorsement forms a part does not afford insurance under paragraph One (b) with respect to occupational disease. The provisions of paragraphs Two, Three and Four shall not apply with respect to occupational disease, insurance for which is herein excluded under paragraph One (b)."

Plaintiff's employee, Tindall, claimed injury from the effect of carbon monoxide poisoning. On February 24, 1939, he filed a claim for compensation before the Missouri Workmen's Compensation Commission in which he alleged that he had suffered an accidental injury on December 28, 1938. Defendant was notified, took charge of the case, and made payments to him under the Compensation Act. On March 9, 1939, however, Tindall's attorneys withdrew the compensation claim by a letter to the Commission in which it was stated:

"The reason for this action is that it is our belief that, under the facts in this case, the claimant is suffering from an occupational disease, and your office has advised me that the above employer has not elected

to come under the occupational disease section of the compensation act.''

Tindall then brought suit against appellant in the Circuit Court, alleging in his petition that he had entered the employment of the plaintiff in July 1938, and had continued in such employment until December 1938; that ''during the entire time of his employment'' he was the sole employee in the service department and devoted his time exclusively to the servicing of automobiles; that automobiles were ''continuously'' passing in and out of the service department where he worked; that motors of the automobiles would be caused and permitted to run while the said automobiles were in the service department ''as a necessary incident to being serviced and tested'' by him; that the automobile motors emitted poisonous gases, vapors and fumes and contaminated and poisoned the air of his place of work; that said condition was present and did exist during the entire time of his employment; that he inhaled such poisonous gases, vapors and fumes while so employed; thàt he ''did contract a severe form of occupational disease incident and peculiar to plaintiff's employment aforesaid''; that plaintiff was negligent in permitting the aforesaid condition to exist ''as a direct result of which he had contracted and is now suffering from a severe form of occupational disease''; and that this disease was incident and peculiar to his employment. [Grounds of negligence, based on insufficient ventilation, are summarized in our opinion in the Tindall case, 159 S. W. (2d) l. c. 303.]

Due notice of the suit was given defendant but it refused to assume the defense thereof because ''recovery was sought on the ground that Tindall contracted an ocupational disease'', the coverage of which was excluded by the policy and endorsements, unless the Marshall Company would give it ''full and complete reservation of all its rights.'' Plaintiff and defendant attempted to work together in the defense under reservations, until defendant brought a declaratory judgment action in the United States District Court to determine its liability. [Maryland Casualty Co. v. Tindall (U. S. C. C. A.-8), 117 Fed. (2d) 905.] Thereafter, plaintiff's attorneys notified defendant that owing to the conflicting interests plaintiff was not agreeable to it defending with reservations, and this ended defendant's participation in the Tindall case.

Defendant contends that it had no obligation under the policy to defend an action for occupational disease and that the question of whether or not Tindall's suit was for an occupational disease was to be determined from the allegations of his petition, citing Fessenden School, Inc. v. American Mutual Liability Co., 289 Mass. 124, 193 N. E. 558 and cases following it. [Leonard v. Maryland Casualty Co., 158 Kan. 263, 146 Pac. (2d) 378; Bloom-Rosenblum-Kline Co. v. Union Indemnity Co., 121 Ohio St. 220, 167 N. E. 884; Brodek v. Indemnity Ins. Co., 292 Ill. App. 363, 11 N. E. (2d) 228; Inter-State Oil Co.

v. Equity Mutual Ins. Co. (Mo. App.), 183 S. W. (2d) 328.] Plaintiff, however, contends that defendant knew the actual facts and had no right to rely on the statement concerning occupational disease in the petition (which it says was only a conclusion) and that even the facts actually stated in the petition showed that plaintiff's case was not occupational disease. Plaintiff further says that our decision in the Tindall case (that it was not an occupational disease case) is res judicata and conclusive on defendant. Plaintiff relies on Hardware Mutual Casualty Co. v. Hilderbrandt (U. S. C. C. A. 10), 119 Fed. (2d) 291, on its contention that the actual facts rather than the allegations of the petition determine the obligation to defend.

We do not think that an insurance company can ignore actual facts (known to it or which could be known from reasonable investigation) in determining its liability to defend. Nevertheless, we think that the actual facts here fully justified defendant's refusal to defend the Tindall case because it was not one covered by this policy. (We mean by actual facts the facts which were known, or should have been reasonably apparent at the commencement of the suit and not the proof made therein or the final result reached.) If the actual facts could show only accident (and we held they did) then Tindall's only right was under the Workmen's Compensation Act; and defendant was liable for everything due him under the Act (as well as for investigating and defending his Compensation claim) because defendant had fully insured plaintiff on that liability. It did take charge of Tindall's claim and commenced to carry out its policy obligations with regard to it. The actual facts were that Tindall became dissatisfied with this remedy (his only remedy under the facts) and attempted to assert a claim for occupational disease. It must, of course, be conceded that Tindall's proof at the trial showed that he could not establish any such claim. However, it must also be conceded that, on the actual facts, he could only escape the jurisdiction of the Workmen's Compensation Commission by proving an occupational disease. Plaintiff argues that there could be a case against it outside the jurisdiction of the Commission, of a disease caused by negligence (like tuberculosis or pneumonia) which was not an occupational disease, citing Row v. Cape Girardeau Foundry (Mo. App.), 141 S. W. (2d) 113. But the answer to that is: Not on the actual facts of this case, because Tindall did not claim to have a disease of this kind. Likewise not on the facts stated in the pleadings, because even if Tindall failed to state a case of occupational disease (which we do not decide) there was nevertheless no claim therein of any disease not occupational in character.

We may concede that if the suit against plaintiff had been based on a claim of tuberculosis, pneumonia or some other disease which was not an occupational disease, and claimed to have been caused by plaintiff's negligence, then defendant would have been required to

defend it; but there was no such claim, so that contention does not answer the question presented here. Plaintiff also says that defendant should have defended Tindall's suit because he could have recovered on his petition without proving an occupational disease, if plaintiff had not set up the Workmen's Compensation Act in its answer. However, that is not a valid argument for plaintiff to make (when it claims actual facts must control) because that would decide the case on the condition of the pleadings instead of on the actual facts as plaintiff contends and we agree must be done.

Therefore, we have this situation. The actual facts were that Tindall had suffered injury from accident for which he was actually entitled to benefits under the Workmen's Compensation Act only. He sought to assert a claim of occupational disease which was not true and which he could not establish. He did not attempt to assert any other ground of common law liability. Defendant was liable for and willing to pay everything to which he was entitled under the actual facts, but it had no obligation, under the terms of the policy issued to plaintiff (with the endorsement expressly excluding liability on occupational disease), to pay any liability of plaintiff for an occupational disease. Moreover, the exclusion clause in the endorsement specifically stated that paragraph three (providing the obligation to defend) should not apply with respect to occupational disease.

Why then should defendant be required to defend a suit against plaintiff in which (on the actual facts) no recovery could be had except on an occupational disease? Plaintiff says because the actual facts were that Tindall did not have such a case and could not recover for occupational disease. Thus it is plaintiff's position that defendant could only escape the defense of a case in which a claimant actually does have an occupational disease; in other words, a case the claimant is sure to win on that issue. This is not a reasonable construction. (According to authorities cited in the Hilderbrandt case, if defendant undertook the defense of·such an excluded case, without reservations, it might have to pay the judgment even if it were for occupational disease. See also Cowell v. Employers' Indemnity Corp., 326 Mo. 1103, 34 S. W. (2d) 705. Certainly under paragraph four of the policy it would have to pay the costs.) Plaintiff's view would read out of the endorsement the express reference to paragraph three of the policy. Paragraph three only required defendant to defend, ''on behalf ▮▮ of the employer any suits or other proceedings which may at any time be brought against him on account of such injuries.'' Under the Soukop case, on which plaintiff relies, this could only mean on account of injuries insured against in paragraph one, from which injury from occupational disease was expressly excluded. Therefore, this must exclude the obligation to defend cases in which the recovery is sought and can only be had on the claim and. proof of occupational disease or the exclusion clause is made

meaningless. Defendant did not any more agree to defend a suit for damages for occupational disease than it did to pay a judgment for damages caused by occupational disease. The endorsement places both obligations on the same basis. Since Tindall (both under the actual facts and the facts stated in his petition) could only escape the jurisdiction of the Workmen's Compensation Commission on the theory of occupational disease and since that was the only ground on which he was seeking to avoid it, we must hold that the policy did not require defendant to assume the unqualified defense of his action.

Plaintiff further contends that in any event defendant should be required to defend this case because clause three provided for it to defend "suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent." However, "such injuries" referred to therein, likewise must mean injuries insured against in paragraph one from which occupational disease was excluded. Therefore, groundless suits for all injuries covered by the policy must be defended, but groundless suits for occupational disease were clearly excluded and defendant had no obligation to defend them. [See Daniel v. State Farm Mutual Insurance Company (Mo. App.), 130 S. W. (2d) 244; Brodek v. Indemnity Insurance Company, 292 Ill. App. 363, 11 N. E. (2d) 228; ElDorado Refining Company v. U. S. F. & G., 157 Kan. 198, 139 Pac. (2d) 369; Pickens v. Maryland Casualty Co., 141 Neb. 105, 2 N. W. (2d) 593; Ocean Accident & Guarantee Corp. v. Peoples Wet Wash Laundry (N. H.), 29 Atl. (2d) 418; Texas Indemnity Ins. Co. v. McLelland (Tex. App.), 80 S. W. (2d) 1101; Ocean Accident & Guarantee Corp. v. Washington Brick & Terra Cotta Co., 148 Va. 829, 139 S. E. 513.] Plaintiff also makes an argument on the fact that the exclusion clause was in a separate typewritten endorsement attached to the printed policy, but we are unable to understand how that prevented it from being a part of the insurance contract. We must hold that defendant had no obligation to defend suits in which no recovery could be had unless occupational disease were established, and that, on the actual facts, the Tindall case was such a suit.

The judgment is affirmed. All concur.