**NORTHWESTERN MUTUAL INSURANCE COMPANY, Plaintiff-Respondent,**

v.

**A. H. HAGLUND, Defendant-Third-Party Plaintiff,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Third-Party Defendant-Appellant.**

No. 23966.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1965.

Richard P. Sprinkle, Kansas City, for appellant.

Paul H. Niewald, Kansas City, for respondent.

CROSS, Presiding Judge.

An automobile belonging to one Irl B. Wasson, Jr., and insured against collision by plaintiff Northwestern Mutual Insurance Company, was damaged by collision when driven by defendant A. H. Haglund with Wasson's consent. In accordance with the terms of its policy Northwestern paid Wasson the sum of $858.56 for his loss and damage. Under subrogation rights Northwestern sued Haglund for the damage to Wasson's automobile. Holding a policy of liability insurance issued by third party defendant Lumbermens Mutual Insurance Company, Haglund gave due notice of the suit to that insurer. However, Lumbermens denied coverage and refused to defend the action. Thereafter Haglund sued Lumbermens as a third party defendant to recover any sums for which he might be adjudged liable to Northwestern, together with a reasonable attorney's fee and the statutory penalty for Lumbermens' alleged vexatious refusal to defend him. Trial to the court upon an agreed statement of facts resulted in a judgment that plaintiff Northwestern recover of defendant third party Haglund the sum of $858.50 and that he in turn recover of the third party defendant Lumbermens Mutual Casualty Company the sum of the "original"

judgment against him ($858.50), and the further sum of $500.00 as attorneys' fees. Defendant Haglund filed no appeal but Lumbermens has appealed as third party defendant.

In a single point the appealing third party defendant (Lumbermens) contends the trial court erred in rendering judgment that plaintiff Northwestern recover from defendant Haglund the sum paid its named assured for collision damage and also erred in rendering judgment over in favor of Haglund against Lumbermens for the amount of the "original" judgment and for attorneys' fees and a statutory penalty.

Appellant's complaint of the judgment in Northwestern's favor against Haglund is grounded on the asserted legal premise (which is supported by some substantial authority), that an insurance company can not sue under subrogation rights secured from the named insured after payment of a loss arising from a collision and recover in turn from the person who was operating the automobile with the owner's permission, and who thereby became an additional insured under the policy's terms.[1] We will not determine this question or disturb the judgment in Northwestern's favor against Haglund inasmuch as (1) Haglund makes no complaint by appealing and con-

---

1. In Western States Mutual Ins. Co. v. Standard Mut. Ins. Co., et al., 26 Ill.App. 2d 378, 167 N.E.2d 833, the appellate court ruled that "it was not intended that the insurance company (after paying damage to the named insured under collision coverage) would have a right of action against a person to whom the named insured lends his automobile, even if the person is at fault, since such person is intended to be covered as an additional insured". In reaching this conclusion the court reasoned: "In Paragraph 19 of the conditions, the 'insured' is required to 'do whatever is necessary to secure such rights (subrogation) for the company.' In this instance, since this term 'insured' is used rather than 'named insured', we know that the term includes the 'named insured' as well as the permissive user. By the terms of the policy, then, the permissive user is obliged to cooperate with the company

in attempting to recover collision payments made to the named insured. Such a requirement is reasonable so long as the recovery is sought from a third person not an insured under the terms of the policy. But, as in the instant situation, it is inconceivable to us to assume that it was the intention of either the company or the named insured that a permissive user would be obliged to cooperate with the company in order that the company could secure a judgment against the permissive user. It seems to us elementary that Standard has no right of subrogation against its insureds. It has accepted a premium in return for which it has agreed to pay collision losses without regard to fault. From the plain language of Condition 19, we conclude that no subrogation rights exist in favor of Standard against its own insureds". Also see Middlesex Mutual Fire Ins. Co. v. Ballard, La.App., 148 So.2d 865.

sequently has not invoked our review of the judgment against him; (2) as will later appear, appellant Lumbermens has suffered no aggrievement by that action of the court, and (3) all appeal issues will be fully resolved by our determination of the appeal complaints directed against the resulting judgment over against appellant in favor of Haglund.

It is contended by Lumbermens that the judgment against it is in error because the coverage of its liability policy issued to Haglund does not extend to include liability for the particular risk of loss asserted in this case, or to impose upon it the duty to defend the suit brought against Haglund by Northwestern. In resolving these issues, we look to the insurance contract entered into by the parties and consider it in connection with nature and circumstances of the loss in controversy.

The pertinent provisions of the Lumbermens policy are here noted. In Part 1, entitled "Liability" the company agrees (in part) "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: * * * B. injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * *." Exclusion (i) of the policy provides that it does not apply, under Part I (Liability), "to injury to or destruction of (1) property owned or transported by the insured or (2) property rented to or in charge of the insured other than a residence or private garage".

It is a well established rule that, "Except to the extent that statutes or public policy may control, an insurance company may insert as many exemption clauses

in its liability policy as it deems proper or necessary, and liability cannot be fixed on the company for injuries due to risks or causes which have been excepted unless it has waived or is estopped to set up such exception". 45 C.J.S. Insurance § 834, page 906.

We consider Exclusion (i) to be a clearly expressed and unambiguous exemption clause which specifically excludes the insurer from any liability for damage occasioned to property (other than the excepted residence or private garage) while it is "in charge of the insured". Under the agreed and admitted facts of the case, Haglund had sole control and custody of the automobile at the time of the collision which damaged it. Thus the "property" involved was "in charge of the insured", and is not included in the contract of insurance as a subject of liability risk. Consequently there is no contractual basis for rendition of the judgment over against Lumbermens.

We are supported in this view by the Missouri case, Arditi v. Massachusetts Bonding & Insurance Company, Mo.App., 315 S.W.2d 736, where the Travelers Insurance Company, as a crossclaiming party, sought recovery against Massachusetts under a liability policy. In denying a recovery by Travelers the Supreme Court wrote as follows: "The Massachusetts' policy likewise excluded liability for this loss, excluding injury to property 'in charge of or transported by the insured;' and the damaged tractor was at the time 'in charge of and transported by' its insured Brooks. We, therefore, hold the trial court properly ruled against Travelers on its crossclaims".

In Middlesex Mutual Fire Insurance Co. v. Ballard, La.App., 148 So.2d 865, under factual circumstances very similar to those of the instant case, the appellate court, relying in part on the Arditi case, ruled that a liability policy exclusion *exactly identical* to Exclusion (i) of Lumbermens policy was effective to exclude liability under the policy for collision damage to an

automobile sustained while the vehicle was in the custody of and being operated by a permissive user. The court there said:

"We are of the opinion that this exclusion is placed in the policy under the liability coverage specifically to prevent and exclude any coverage where there is injury to or destruction of any property owned or transported by the insured or any property rented to or in charge of the insured other than a residence or private garage. This exclusion refers to all property such as an automobile owned by the insured or an automobile transported by the insured or an automobile rented to the insured or an automobile in charge of the insured. The word property we believe is intended to be all inclusive other than to a residence or private garage as specifically stated in the exclusion. If an insured desires coverage on his own automobile or such other property as may be transported, rented, or in his charge at the time of damage thereto, as a result of a collision he must pay for collision insurance".

Other decisions to the same effect include General Accident & Fire Assurance Corporation Ltd. v. Wyble, La.App., 144 So. 2d 114 (which also cites and relies upon the Arditi case; Speier v. Ayling, 158 Pa. Super. 404, 45 A.2d 385; Wyatt v. Wyatt, 239 Minn. 434, 58 N.W.2d 873; Western States Mutual Insurance Co. v. Standard Mutual Ins. Co., 26 Ill.App.2d 378, 167 N.E.2d 833.

■ The remaining question is whether Lumbermens was obligated to defend Northwestern's suit against Haglund. Our decision necessarily depends upon the breadth of coverage afforded by the policy. While it is true that Part I of the policy entitled "Liability" requires Lumbermens to defend any suit for property damage payable under the terms of the policy, "even if any of the allegations of the suit are groundless, false or fraudulent", it is a corollary proposition that the company is not obligated to defend suits for property damage *which are not covered by the terms of the policy.* See 45 C.J.S. Insurance § 933, p. 1056.[2]

■ In general, the duty of a liability insurer to defend should be determined from the language of the insurance contract and from the allegations of the petition or complaint in the action brought by the person injured or damaged against the insured. 45 C.J.S. Insurance § 933, p. 1056. Also see Inter-State Oil Co. v. Equity Mutual Ins. Co., Mo.App., 183 S.W.2d 328; Marshall's U. S. Auto Supply v. Maryland Cas. Co., 354 Mo. 455, 189 S.W.2d 529. The petition in the suit filed against Haglund by Northwestern contains allegations showing that at the time Wasson's automobile was damaged "the defendant—(Haglund) —had sole control and custody of said vehicle". Hence, it is disclosed by the petition that the damaged automobile was "in charge of the insured" (Haglund).

Therefore, the action was within the exemption provided by Exception (i) and not within the policy's coverage as it relates to defense of actions against the insured. It necessarily follows that no duty rested upon third party defendant Lumbermens to defend Haglund and that there is no legal basis to support the $500.00 judgment awarded Haglund as attorneys' fees for the defense of Northwestern's suit against him.

2. See Inter-State Oil Co. v. Equity Mut. Ins. Co., Mo.App., 183 S.W.2d 328; Daniel v. State Farm Mut. Ins. Co., 233 Mo. App. 1081, 130 S.W.2d 244; Marshall's U. S. Auto Supply v. Maryland Cas. Co., 354 Mo. 455, 189 S.W.2d 529; State ex rel. Inter-State Oil Co. v. Bland, 354 Mo. 622, 190 S.W.2d 227; Simpson v. American Automobile Ins. Co., Mo.App., 327 S.W.2d 519; M. F. A. Insurance Co. v. Lawson, App., 336 S.W.2d 123.

234

Accordingly, we reverse the judgment before us and remand the cause with directions that the trial court enter a new judgment in conformity with this opinion.

All concur.

BROADDUS, J., not participating.