Burnis E. MOORE, Plaintiff-Appellant,

v.

M. F. A. MUTUAL INSURANCE CO., Defendant-Respondent.

No. 24717.

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1967.

Robert B. Paden, Maysville, for appellant.

Strop, Watkins, Roberts & Hale, St. Joseph, for respondent.

SPERRY, Commissioner.

Defendant had issued to plaintiff its "Farm Comprehensive Liability Insurance Policy" insuring plaintiff's liability growing out of his activities in connection with the operation of his farm. While operating a self propelled combine along a public road in DeKalb County, Missouri, it was damaged in a collision with a railroad train. The combine was owned by a Mr. McMillin, whose insurance company settled with him for damages to the combine and sued plaintiff for reimbursement under subrogation clauses of its insurance contract. Mr. Moore notified defendant herein and requested that it defend the action, which it failed and refused to do. Mr. Moore employed lawyers and successfully defended the action. In this suit he seeks to recover against M.F.A. the sum of $1,250.00, as and for attorney fees for which he became liable in the former suit, and for penalties. From an adverse summary judgment plaintiff appeals.

■ The policy mentioned above is numbered 5–32391. Under the section denominated "coverage B" the limit of liability is $5000.00. Under "Exclusions", it is provided that this policy does not apply:

"* * *

"(h) under Coverage B to injury to or destruction of property used by, rented to, or in the *care, custody,* or *control* of the insured or any other person regularly residing on the premises". (Emphasis ours.)

Plaintiff pleaded that the property involved here was a combine owned by Charles S. McMillin which plaintiff was operating. Since plaintiff was operating the combine on a public highway it was in his care, custody, and control.

■ This is not a collision policy. It is a liability policy. Defendant's risk would be much greater if the above mentioned clause should be eliminated by construction. In that event one who had custody or control of a machine might not be as careful to avoid damage to it if he knew that insurance would cover the loss. However that may be, the clause is in the policy and it must be enforced. Northwestern Mutual Insurance Company v. Haglund, Mo.App., 387 S.W.2d 230.

Northwestern Mutual Insurance Company v. Haglund, supra, is a case where Northwestern had issued its automobile collision insurance policy to its insured, Wasson. While this vehicle was being operated by Haglund, with Wasson's consent, it was damaged. Wasson's insurer paid his loss and sued Haglund. Haglund was the owner of a policy issued to him by Lumbermen's Mutual Casualty Company, in which Lumbermen's agreed to pay on behalf of the insured (Haglund) all sums which the insured might become legally obligated to pay as damages because of "* * * injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * * *". Exclusion I of the policy provides that it does not apply "to injury to or destruction of (1) property owned or transported by the insured or (2) property rented to or in charge of the insured other than a residence or private garage". (See 387 S.W.2d 230, l. c. 232.)

Haglund sued Lumbermen's as third party defendant seeking judgment for any sums which Northwestern might obtain against him, and for damages because of Lumbermen's refusal to defend the suit against Haglund.

Northwestern obtained a judgment in the circuit court against Haglund for $858.50, for damages to the Wasson automobile, and Haglund obtained judgment against Lumbermen's for that amount, plus damages because of Lumbermen's refusal to defend him. We held that Lumbermen's was not liable to pay the judgment against Haglund for the damages nor was it required to defend the suit against him. We reversed the judgment accordingly.

Our decision was based on the provisions of the exclusion clause in Haglund's policy, which we mentioned, supra. In legal effect, that clause is identical with the exclusion clause relied on by defendant insurance company in the case at bar. We adhere to our interpretation of it in the Haglund case and, consequently, hold that plaintiff, in this case, may not recover under the provisions of farm liability policy No. 5–32391. In the Haglund case we reviewed the authorities thoroughly and we do not believe it necessary to again review them.

Plaintiff also contends that his liability in this case is covered by two other policies issued by defendant to him. These policies are numbered, respectively, 24–1–67576 and 24–1–407711–002. Both are denominated automobile insurance policies. The first above numbered policy contains an exclusion clause very similar in wording, and identical in legal effect, to that contained in the farm liability policy here involved. It does not cover defendant's liability in this case.

The second of these automobile policies contains an exclusion clause providing that coverages therein mentioned do not apply to "bodily injury or injury to or destruction of property arising out of the operation of farm machinery". Since the damages involved in the case at bar arose out of the operation of a farm combine defendant was not obligated to pay the damages nor to defend plaintiff when sued therefor.

The court properly rendered summary judgment for defendant. Considering the pleadings, including the admissions and allegations contained therein, and the provisions of the policies, which were filed by stipulation of the parties, there was no genuine issue as to any material fact and defendant was entitled to a judgment as a matter of law. Rule 74.04(c).

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HOWARD, P. J., and CROSS, J., concur.

MORGAN, J., not participating because not a member of the Court when the cause was submitted.