**Albert W. JURGESON, Defendant-Appellant,**

**v.**

**Orval ROMINE and Urene Romine, Plaintiffs-Respondents.**

**No. 25079.**

Kansas City Court of Appeals.

Missouri.

April 7, 1969.

Motion for Rehearing and/or Transfer to the Supreme Court Denied June 2, 1969.

Kenneth Koman Simon, Kansas City, for appellant.

Ralph E. Smith, Butler, for respondents.

FRANK D. CONNETT, Special Judge.

This is a suit for damages to growing crops. The sole issue on appeal is the correctness of the measure of damages instruction. During the fall and winter of 1966–1967 the defendant, Albert W. Jurge-

son, caused logs, brush and other debris to be deposited in Miami Creek at a place where it flowed across his land. In June and July of 1967 land adjoining defendant on the north and upstream, owned by plaintiffs Orval and Urene Romine, was flooded. Plaintiffs' growing crops, principally the corn crop, were flooded and damaged. Plaintiffs sued defendant claiming that the flooding of their land was caused by defendant obstructing the creek with debris. Although the cause of action arose in Bates County, the case was tried in Henry County on a change of venue. The jury found for the plaintiffs in the amount of $5,000.00.

For the measure of damages the court gave Instruction No. 3, which was M.A.I. 4.01: "If you find the issues in favor of the plaintiffs, then you must award the plaintiffs such sum as you believe will fairly and justly compensate the plaintiffs for any damages you believe they sustained as a direct result of the occurrence mentioned in the evidence." Defendant points out that there was evidence presented from which the jury could have found that all of the flooding was not caused by the defendant's act of obstructing Miami Creek, that some of the flooding would have occurred without it, and he thus would not be responsible for all of plaintiffs' damage. Plaintiffs do not deny this but rely on M. A.I. 4.01 as being sufficient to inform the jury as to the factors to be considered in arriving at its verdict. Defendant offered an instruction number 8 which was refused by the court. This instruction hypothesized: the flooding of the creek, flooding of plaintiffs' land, the inundating of the crops, blocking of the creek, unusual and extraordinary rainfall, a causal connection between the rain and the flood, and that the rainfall and blockage of the creek worked in combination to cause the flood. It then instructed the jury to exclude from plaintiffs' damage award any damage that would have occurred whether or not the creek was blocked by defendant. It is our opinion that this instruction did not comply with Supreme Court Rule 70.01(e), V.A. M.R. It was not simple or brief and required the jury to find detailed evidentiary facts.

■ Furthermore we presume defendant offered Instruction No. 8 pursuant to the rule generally observed before the adoption of M.A.I. that "Where an instruction on the measure of damages, though general, is not erroneous in its general scope, its generality does not constitute error and if the defendant fears such instruction may be misunderstood he must submit an explanatory or modifying instruction or he will not be heard to complain." Raymond, Missouri Instructions, Sec. 132; Brunk v. Hamilton-Brown Shoe Company, Mo., 66 S.W.2d 903, 909. Samuels v. Illinois Fire Insurance Co., Mo.App., 354 S.W.2d 352, 362(20). However, Supreme Court Rule 70.01(b), which has been effective since January 1, 1965, provides: "Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject." We take it that this applies to measure of damages instructions. The Jack L. Baker Companies, Inc. v. Pasley Manufacturing and Distributing Company, Mo., 413 S.W. 2d 268, 273(5, 6). The old rule authorizing separate damage instructions for plaintiffs and defendants should no longer be followed. If the offered Instruction No. 3 did not clearly submit the issues in this case, it should have been modified so that it would do so. The trial court did not err in refusing Instruction No. 8.

■ In addition to offering Instruction No. 8 defendant objected to Instruction No. 3. He contends here that the word "occurrence" used in Instruction No. 3 is ambiguous in this case and did not clearly submit the issue. He says the jury could have believed "occurrence" referred to the flooding rather than defendant's act of obstructing the creek. If such were the

case and yet the jury did not believe defendant's act caused all of the flooding, the jury would have assessed damages against the defendant for which he was not liable. Thus, the issue is whether or not the court erred in the use of the word "occurrence" in Instruction No. 3. It is stated in Notes on Use of 4.01: "The word 'occurrence' should be adequate except in cases where there is evidence that two different occurrences produced the injury with defendant being responsible for only one. In such cases counsel will need to substitute some descriptive term which will properly limit the jury to the occurrence produced by defendant." Does the word "occurrence" refer to "obstructing the creek" or to the "flooding"? To which would a jury apply the word? We of course can't tell. Thus, the instruction is erroneous. See Sherwood v. St. Louis Southwestern Ry. Co., Mo.App., 187 S.W. 260, 263. We recognize that as a general rule M.A.I. Instructions are not to be changed, but Supreme Court Rule 70.01(e) indicates that an M.A.I. Instruction should be modified where necessary to fairly submit the issue. Notes on Use of M.A.I. 4.01 clearly indicate that in cases such as this some other term is needed. Here there are two occurrences; the obstructing of the creek and the flooding, for some of which defendant was liable and for some of which he may not have been liable. Instruction No. 3 should have ended with some term such as "the obstruction across the creek" rather than "the occurrence mentioned in evidence." For this error, the case must be reversed. Plaintiffs cite The Jack L. Baker Companies, Inc. v. Pasley Manufacturing and Distributing Company, supra, as authority for giving this instruction without modification. However, that case involved only one occurrence, an explosion. In Miller v. Ranson & Co., Mo.App., 407 S.W.2d 48, a suit to recover commissions, the word "occurrence" is not used in the measure of damages instruction.

Ordinarily in a case where the only error was in the measure of damages instruction, the case would be remanded for a trial limited to the question of damages. But in this case the questions of damage and liability are so interwoven that it would not be practical to try the issues separately.

Therefore, the judgment is reversed and the cause remanded.

HOWARD, P. J., and CROSS, J., concur.

SHANGLER, J., not participating.