**HAWKEYE–SECURITY INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**IOWA NATIONAL MUTUAL INSURANCE COMPANY, Defendant-Respondent.**

No. KCD 29299.

Missouri Court of Appeals, Kansas City District.

June 12, 1978.

Gordon N. Myerson, Steven G. Emerson, Kansas City, for plaintiff-appellant.

Thomas A. Sweeny, Kansas City, for defendant-respondent; Popham, Popham, Conway, Sweeny & Fremont, P. C., Kansas City, of counsel.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Hawkeye-Security Insurance Company appeals a trial court order granting summary judgment for the defendant. The issue to be determined is whether Hawkeye has any claim based upon Iowa National Mutual Insurance Company's failure to defend under a policy with its insured Jurgeson.

In 1967, plaintiffs Romine filed an action for damages against Jurgeson which they claimed arose out of the acts of Jurgeson in blocking the channel of a creek. The petition alleged generally that the acts were done in the fall and winter of 1966 and 1967. Iowa National's policy was in effect from October 14, 1966 to March 12, 1967, and Hawkeye assumed the coverage on March 14, 1967. Hawkeye assumed the defense of the claims after the first trial of the Romine suit. The first trial of the Romine suit resulted in a judgment for plaintiff which was reversed on appeal. *Jurgeson v. Romine*, 442 S.W.2d 176 (Mo. App.1969).

Thereafter, Hawkeye appeared and defended in the subsequent trial of the *Romine* case, effected settlements of two other claims, and satisfied the judgment resulting from the second trial of the *Romine* case. Iowa National had no notice of any claim under its policy until June of 1968, by which time it was clear that the damage claimed occurred during the period when Hawkeye was on the coverage.

It is Hawkeye's position that the court erred in granting summary judgment in favor of Iowa National because Hawkeye claims that the uncontroverted evidence establishes that Iowa National did not defend and that Hawkeye is subrogated as a matter of law to the insured's cause of action against Iowa National for the breach of its contract to defend contained in its policy.

Preliminarily, it is to be noted that Iowa National is not responsible on its coverage for any liability imposed on Jurgeson. This for the reason that the issue of liability under a policy insuring against "loss" or "damage" occurring during the policy period is determined by the time when the loss or damage occurs and not by the time of the negligent act. *Kirchner v. Hartford Accident & Indemnity Co.*, 440 S.W.2d 751 (Mo.App.1969); *Kirchner* cites with approval the rule set forth in, Annot., 57 A.L.R.2d 1389 (1958). Hawkeye, in its brief, impliedly assumes that Iowa National had no coverage based on all the facts and makes no assertion of such coverage, but argues that a duty to defend arose because the petition asserted that the acts of negligence occurred during the Iowa National policy period.

Iowa National concedes that the general rule is that the duty to defend depends upon the facts known at the time the action is commenced. It disputes, and properly so, the assertion that the duty depends upon the petition alone. The proper statement of the rule respecting the duty

to defend is that the actual facts known to the insurer or which should have been reasonably known to the insurer determine its liability to defend, not what the ultimate facts are found to be. *Marshall's U. S. Auto Supply v. Maryland Casualty Co.*, 354 Mo. 455, 189 S.W.2d 529 (1945).

Upon the basis of that statement of the rule, Iowa National might possibly have been held to the obligation to defend as to the first trial and its appeal if it in fact had been called upon to defend prior to the full development of the facts. No such demand was made upon Iowa National, and the costs of defense in the first trial and its appeal are not a part of the claim of Hawkeye in the instant case.

A necessary premise of the rule that the duty to defend depends upon the facts known or ascertainable by the insurer is that the insurer be apprised of the claim so that an investigation may be made of its liability under the coverage. Upon that basis, the inquiry here must be as to the facts apparent when demand was made upon Iowa National. It is conceded that the first demand upon Iowa National was made by Hawkeye June 22, 1968. The first trial had been completed. The record, by way of interrogatories and evidence, demonstrated the loss was not within the coverage afforded by Iowa National.

■ It is the general rule when a suit is brought upon facts not within the coverage, then no duty devolves upon the insurer to defend. *Daniel v. State Farm Mut. Ins. Co.*, 233 Mo.App. 1081, 130 S.W.2d 244 (1939). In the light of the previously referred to principle, that the facts known or ascertainable control the obligation to defend, the general rule as to no coverage, no defense might seem overly broad. There is, however, no conflict under the principles enunciated. An insurer may be held to a duty to defend because the facts as to coverage are not known or ascertained when the demand for defense is made; yet, upon the ultimate determination of the facts, no coverage is in fact found for the ultimate liability. It is for the obvious purpose of avoiding the risk of denying a defense on the basis of undeveloped facts that the device of defending upon a reservation of rights was developed.

■ Applying these principles to the instant case, it is clear that Iowa National had no obligation to defend the second trial, nor to pay the judgments or settlements subsequent to the second trial. At the time the purported duty to defend arose, the facts demonstrate Iowa National had no coverage.

■ Hawkeye argues that Iowa National breached its duty to defend Jurgeson by failing to defend in the first trial. Hawkeye then reasons that, since it is subrogated to Jurgeson's action, it is entitled to recover all of the expenses of the second trial and the judgment and settlement payments since they are damages "reasonably flowing from the breach." Any number of fallacies in this argument suggest themselves immediately. If it be assumed Iowa National owed a duty to defend Jurgeson, undoubtedly the claim of Jurgeson to a defense was waived by the failure to notify Iowa National of the claim and suit. If there was a claim in Jurgeson of any sort as to the cost of defense in the first suit, it is not a part of Hawkeye's subrogation since Hawkeye took no part in the first trial and its appeal. The Hawkeye policy provides for subrogation as follows:

"In the event of any payment under this policy the company shall be subrogated to all the insured's rights of recovery therefor."

Under the facts, Jurgeson had no right to recover from Iowa National for the costs of defense of the first trial. Nor did the costs of defense in the second trial and the ultimate payments on account of liability have any connection with the failure of the insurer to appear in the first case. The argument is demonstrably unsound.

The trial court's order sustaining defendant's motion for summary judgment is affirmed.

All concur.