**M. F. A. INSURANCE COMPANY,**
Appellant,

v.

**Mary Rosalia LAWSON and Lenora Lynn Kelly, Respondents,**

v.

**Martha G. MILLER, Respondent.**

No. 23149.

Kansas City Court of Appeals.

Missouri.

June 6, 1960.

Edwards, Hess & Collins, Macon, for appellant.

Robert Devoy, Brookfield, James J. Wheeler, Keytesville, for respondents.

SPERRY, Commissioner.

Plaintiff, M. F. A. Insurance Co., brings this action seeking a declaratory judgment as to its liability to defend a personal injury action brought by intervenor, Martha G. Miller, for injuries received by her in a collision caused by the driver of an automobile insured by plaintiff and being then driven by defendant Rosalia Lawson, hereafter referred to as Lawson, with the permission of defendant, Lenora Lynn Kelly, hereafter referred to as Kelly. Trial to the Court resulted in a judgment that plaintiff is liable to defend the action brought against Kelly, and not required to defend Lawson. Plaintiff appeals.

Udell Hayes owned an automobile upon which plaintiff had issued its policy whereby it agreed to defend all suits, and to pay all judgments against the insured and his spouse, and certain other designated classes of persons, on account of damages suffered by reason of an accident due to the ownership or operation of the vehicle. Mr. Hayes' wife, Deanne, is a sister of defendant Kelly. On August 27, 1959, Deanne had driven her husband's car to her place of employment. She telephoned her mother and asked that her sister, Kelly, come to the office where Deanne was employed and do

an errand for her with the car. Kelly came to the office and Deanne stated that the following conversation occurred:

"A. I told her that I had an errand for her and I told her to go to the greenhouse, that I had already called and ordered the flowers, and I gave her the money and I gave her the list of names that went on the flowers of the different people that had contributed. Then I handed her the keys and told her to take the car, I told her she could use the car instead of walking but not to go anyplace else, I told her to go straight to the greenhouse and then straight back and either come to the office and give me the keys or to take the car home and then I could walk home and get it that night or they could come after me.

"Q. And what, if anything, did she say at that time and place?

"A. She said O. K."

In regard to what was said on that occasion, Kelly stated as follows:

"And she gave me the car keys telling me to go to the greenhouse to pay the bill and take the car, either take the car home or come back to the doctor's office and to go no place else.

"Q. (By Mr. Collins) And what did you say?

"A. I told her O. K.

"Q. Now, was that the sum and substance of the conversation?

"A. Yes."

The evidence is undisputed that Kelly drove the automobile to the home of defendant Lawson and, with her as a passenger, completed the errand for Deanne, and then drove the car to a shop where Lawson bought some meat for her mother. From there, Kelly drove around Marceline for a time, on back *streets,* and asked Lawson if she would like to drive. Lawson was then 15 years of age and was an inexperienced and unlicensed driver, which Kelly knew. Kelly drove to a root beer dispensary and, at that place, Lawson took over the operation of the automobile and drove two or three miles out on No. 5 State Highway, where she struck the rear end of an automobile being driven by intervenor, inflicting upon her severe personal injuries. Intervenor sued for damages on the Hayes policy and plaintiff instituted this declaratory judgment action.

There is not a scintilla of evidence tending to prove that either Udell Hayes or his spouse, knew that Lawson would, or did, operate the automobile, until after the collision occurred. The policy contained the following pertinent provisions:

"1. Coverage A—Bodily Injury Liability—M. F. A. Mutual will pay for the insured all damages which the insured shall become legally obligated to pay because of bodily injury sustained by any person, caused by accident and arising out of ownership, maintenance, or use, including· the loading and unloading of the owned automobile * * *.

\*　\*　\*　\*　\*　\*

"3. Defense and Settlement of Claims and Suits—With respect to such insurance as is afforded under Coverages A and B, M. F. A. Mutual will defend any claim or suit for such damages against.the insured, even if groundless, false, or fraudulent, * * *

\*　\*　\*　\*　\*　\*

"6. Definition of Insured—With respect to the insurance afforded under coverages A and B, the unqualified word "insured" includes the named insured, and if an individual, his spouse, and: a. With respect to the owned automobile or a substitute automobile, any person or organization using it or legally responsible for its use, provided the actual use of the automobile *is by the named insured or spouse, or with per-*

*mission of either; * * *."* (Emphasis ours.)

The question presented is: Was the *actual use* of the automobile *at the time* the collision occurred, with the *permission* of insured, or his spouse?

The evidence, overwhelmingly, tends to prove that it was not; and there is no substantial evidence to the contrary. Truly, there is not a single fact or circumstance in evidence tending to prove that *insured* knew anything about the action of Deanne in authorizing her sister to drive the automobile on an errand for her; and the testimony of both Deanne and her sister is, positively, to the effect that Kelly was instructed (and agreed) to drive the car to the greenhouse and, from there, *straight* back to the office, or to her home, *and no place else*. Theirs was the *sole* testimony as to Kelly's authority. There is no room here for application of the rule of prior conduct. See Haynes v. Linder, Mo.App., 323 S.W.2d 505, par. 9. All of the evidence proves that Kelly had no authority to take the automobile to the place where the collision occurred; and that Lawson had no permission from insured or his spouse to drive the vehicle at any time or place.

Further citation of authority is not required. The sole question involved is one of construction of the plain language of the insurance contract in the light of the undisputed evidence.

The judgment should be reversed and the cause remanded with directions to enter judgment for plaintiff and that it is not legally liable to defend either Lenora Kelly or Rosalia Lawson in any legal action brought against either of them on account of the automobile collision herein mentioned.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. The judgment is reversed and the cause remanded with directions to enter a new judgment in accordance with the opinion. All concur.