The TRAVELERS INSURANCE COMPANY, Plaintiff,

v.

Leroy KINNEY, Raymond Edgar and Marie Edgar, his wife, and Raymond Lee Edgar, a minor, Steven Edgar, a minor, Sandra Edgar, a minor and Horace Lynn Edgar, a minor, and Raymond Edgar, Next Friend for all of said minors, Defendants.

No. 64 C 145(3).

United States District Court
E. D. Missouri, E. D.

Dec. 29, 1964.

Dearing, Richeson, Weier & Roberts, Hillsboro, Mo., for plaintiff.

Roberts & Roberts, Farmington, Mo., for all defendants.

REGAN, District Judge.

This is an action instituted by plaintiff, the Travelers Insurance Company, seeking a declaration concerning its rights and liabilities in regard to its policy of insurance issued as set forth in plaintiff's Exhibit 1.

Jurisdiction of this controversy is lodged in this Court by reason of Section 2201 of Title 28 U.S.C. and by reason of diversity and the amount in controversy.

The facts of this case are substantially uncontested. On December 24, 1963,

Herman Shumake, one of the named insureds under the policy in question, permitted defendant Leroy Kinney to use his 1956 Chevrolet automobile. Kinney's use of the car was strictly personal. He was instructed to return the car on the evening of the same day after he was finished with it. That evening he returned the car, but was given permission to drive it home and was instructed to return it to Shumake the next morning. Shumake intended to use the automobile the morning of December 25th for a proposed trip. Kinney knew about this. The next morning Kinney arrived at the Shumake residence and garage, but Shumake had already left on his trip.

The sole issue in this case arises at this point. Did Kinney's permissive use of Shumake's automobile end at this point?

The policy in question provides liability coverage for a permissive user of the car in question by the provisions entitled "Automobile Hazards" and "Persons Insured". Kinney was permitted to drive the auto home the evening of the 24th, but was specifically instructed to return it the next morning. Kinney returned it but finding no one at the Shumake residence he returned to his home using the car in question and afterwards took another trip during which the accident in question occurred.

Kinney had no permission from Shumake to return home or to use the auto on the trip during which the accident occurred. He was specifically instructed to return the car to Shumake the morning of December 25.

The fact that Shumake was not at home when Kinney arrived has no bearing on this case. Kinney did not have to return the car to Shumake personally; he was not so instructed. The evidence unquestionably shows that he had access to the Shumake garage and could have left the car or the car keys there or could have left the car in the alley. There is no conduct of Shumake from which it could be implied that Kinney had permission for the further use of the car. No such implication can arise from the fact that Shumake was not at home. First, Kinney knew he intended to make the proposed trip and secondly, he was instructed to return the car that morning presumably before the intended trip by Shumake. Nor can any implication of permission arise from the past conduct of the parties. On all prior occasions, except one, Kinney had used the automobile with Shumake's express permission and had received specific instructions in regard to its use.

No where does the record reveal that Shumake expressly or impliedly by any language or conduct, conferred permission on Kinney to use the car after returning it on Christmas morning. Quite to the contrary, Kinney had specific permission and instructions only to use it to drive home on the evening of the 24th and to return it that next morning.

Therefore the only conclusion that can be drawn is that Kinney was not using the car with the permission of a named insured under the policy at the time of the accident in question and therefore was not a permissive user within the terms of plaintiff's policy. Varble v. Stanley, Mo.App., 306 S.W.2d 662. Hanover Insurance Company v. Abchal, Mo. App., 375 S.W.2d 605. M. F. A. Insurance Company v. Lawson, Mo.App., 336 S.W.2d 123.

It is therefore ordered that this memorandum opinion constitute this Court's findings of fact and conclusions of law and that judgment be entered for the plaintiff and the Clerk of this Court is directed to prepare judgment in accordance therewith.