**Raymond EDGAR et al., Appellants,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 17961.**

United States Court of Appeals
Eighth Circuit.

Oct. 27, 1965.

Rehearing Denied Nov. 9, 1965.

Raymond R. Roberts, of Roberts & Roberts, Farmington, Mo., for appellants.

Samuel Richeson, of Dearing, Richeson, Weier & Roberts, Hillsboro, Mo., for appellee.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and MEREDITH, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff, The Travelers Insurance Company, brought this action seeking a declaratory judgment that Leroy Kinney was not covered by the automobile liability policy plaintiff had issued to Shumake Sales and Service for damages caused Raymond Edgar, Marie Edgar, and their minor children, as a result of a collision which occurred about 1:00 p. m. on December 25, 1963, between the Edgar automobile and the automobile covered in the Shumake policy, while it was being operated by Leroy Kinney. Kinney and the Edgars were named defendants. Kinney filed no answer but was called as a witness at the trial. The Edgars answered and sought a declaration of liability on the part of the plaintiff for the damages which they suffered. Jurisdiction, based on diversity of citizenship and the jurisdictional amount, is established.

It is stipulated that the automobile liability policy issued Shumake by the plaintiff was in force at the time of the accident and that the policy covered the 1956 Chevrolet automobile driven by Kinney at the time of the accident. It is also established that Kinney is not a named insured.

The issue in this case is whether Leroy Kinney's use of the automobile at the time of the accident is covered by the omnibus clause of the policy. Such clause, so far as here material, reads:

> "Each of the following is an insured * * *:
>
> * * * * * *
>
> "(3) * * * any of the following persons while using such automobile with the permission of the named insured, providing such person's actual operation * * * is within the scope of such permission:
>
> "(a) any employee, * * *
>
> "(b) any other person * * *."

This case was tried to the court without a jury. The only issue in controversy is whether Kinney was a permissive user of the insured automobile at the time of the December 25 accident. The court, after discussing the evidence, in its memorandum opinion states:

> "No where does the record reveal that Shumake expressly or impliedly by any language or conduct, conferred permission on Kinney to use the car after returning it on Christmas morning. Quite to the contrary, Kinney had specific permission and instructions only to use it to drive home on the evening of the 24th and to return it that next morning.
>
> "Therefore the only conclusion that can be drawn is that Kinney was not using the car with the permission of a named insured under the policy at the time of the accident in question and therefore was not a permissive user within the terms of plaintiff's policy. Varble v. Stanley, Mo.App., 306 S.W.2d 662. Hanover Insurance Company v. Abchal, Mo.App., 375 S.W.2d 605, M. F. A. Insurance Company v. Lawson, Mo.App., 336 S.W.2d 123."

[redacted] The issue of whether permission to use a vehicle exists is usually one of fact. Rule 52(a), Fed.R.Civ.P., provides that findings of fact made by the trial court shall not be set aside unless clearly erroneous. Credibility issues are to be resolved by the trial court. Where different inferences may reasonably be drawn from the evidence, this court will not substitute its judgment for that of the trial court. Shoppers Fair of Arkansas, Inc. v. Sanders Co., 8 Cir., 328 F.2d 496, 499; Barryhill v. United States, 8 Cir., 300 F.2d 690, 694.

[redacted] When the evidence is viewed in the light most favorable to the plaintiff as the prevailing party, we are satisfied that the court was warranted in finding that no permission was granted to Kinney, either express or implied, to use the insured automobile at the time of the ac-

cident. Kinney obtained permission to use the car on the night of December 24 to pick up some presents and to attend a family Christmas party, with instructions to return the car that night. When he returned the car about 10:00 p. m. that evening, Shumake told him he could take the car home that night but to return it early the next morning. Kinney drove the car back to Shumake's about 10:30 the next morning and found Shumake was not at home. The trial court determined that permission ended when the car was so returned to Shumake's premises.

Kinney had worked for Shumake and had means of access to Shumake's garage located upon the premises and could have put the car in the garage, or could have parked it beside the garage. While an argument is made that Shumake directed the return of the car to him personally, such an interpretation of Shumake's directions is not compelled. The court was justified in concluding that Shumake required that the car be returned to his premises where it was usually kept and that Kinney so understood such instructions. Thus, when Kinney returned the car as directed, his permissive use of the car ended. As observed by the trial court, the fact that Shumake was not at home at the time has no bearing on the case.

The accident occurred after Kinney had driven the car from Shumake's to his own home on Christmas morning when he subsequently used the car to perform a personal mission. The evidence on general or implied permission to use the car is weak. Shumake had on a number of occasions permitted Kinney to use one of his cars but such permission had been granted upon special request and was limited to particular occasions and time, generally to a day or part of a day. Kinney had used a Shumake car without permission on only one occasion when upon advice that his son was criticially ill in the hospital, he took a car without authorization. With respect to this incident, Shumake said he never said anything about this because he felt the boy had enough trouble because his baby was about to die.

Defendants Edgar argue that the cases relied upon and cited in the trial court's opinion are cases of employees exceeding their authority and that here the permissive use was purely social and hence, under Winterton v. Van Zandt, Mo., 351 S.W.2d 696, permissive use may be more readily assumed. The Missouri court in Winterton points out the conflicting views of the courts of several states with respect to tests to be used in determining whether a car involved in an accident was being driven with the permission or consent of the named insured, and then goes on to say:

" 'Where the vehicle is loaned for a specific purpose but used for some other purpose, a general permission or a comprehensive permission is much more readily to be assumed if the use of the vehicle is for social rather than business purposes and where the relationship of master and servant does not exist.' " 351 S.W. 2d 696, 701.

Winterton is factually distinguishable in many respects from the present case. There the permittee and the car owner were close friends. While from the conversation heard by witnesses the permittee was told to go to a nearby grocery for supplies, there is evidence that the owner and permittee had a private conversation before he was given the keys and told to be on his way, and there is considerable reason to believe that the owner might well have desired to get the permittee out of the house. No express limitation on the use of the car was imposed. The owner expressed no concern when the permittee failed to return and he complained of no wrongdoing when advised that the permittee had had an accident. In any event, Winterton holds only that a jury question was made out on the permission issue under the peculiar facts of the case. It does not hold permission is established as a matter of law. Here we have a fact finding that no permission, express or implied, existed at the time of the accident.

We find nothing in the Winterton case or any other Missouri case which goes to the extent of holding that where an initial permission granted for a limited time has expired, and where the car has in fact been returned to the owner's premises, a subsequent unauthorized use of the vehicle is within the permission provision of the omnibus clause. Cases cited from other jurisdictions are of little help. As pointed out in Winterton, the several states apply vastly different rules as an aid in determining whether permission exists under the omnibus clause. For a statement of such rules, see American Universal Ins. Co. v. Dykhouse, 8 Cir., 326 F.2d 694, 696, and authorities there cited.

Additionally, material factual distinctions exist between the cases relied upon by the defendants and the present case.

Defendants have failed to demonstrate that the trial court erred in applying or interpreting Missouri law in reaching its conclusion that no express or implied permission existed for Kinney to use the automobile at the time of the accident. Substantial evidence supports the court's finding that no such permission existed.

The judgment appealed from is affirmed.